LeBLANC, Judge.
This is a suit for damages in tort by plaintiff, Craig Lachney, against his employer, the State of Louisiana, through the Department of Public Safety and Corrections (State),[1] and co-employee, William H. Riddle. Riddle and the State filed a motion for summary judgment alleging that Lach-ney’s exclusive remedy against them was worker’s compensation benefits. The trial judge granted the motion for summary judgment and dismissed plaintiffs suit with prejudice. Plaintiff took this devolu-tive appeal.
On August 17, 1988, and prior thereto, plaintiff was employed by the State and was working as a correctional officer at the Louisiana State Penitentiary at Angola. Plaintiff typically worked at Camp J, one of a number of camps located within the secured boundaries of the penitentiary. On the afternoon of August 17, 1988, plaintiff and other co-employees who worked at Camp J were relieved of their duty by replacement officers at 5:45 p.m. Plaintiff and two other co-workers asked Mr. Randy Johnson, who had a privately-owned vehicle parked near Camp J, for a ride to the ferry which crossed the Mississippi River from Angola on the east bank to Avoyelles Parish on the west bank. Mr. Johnson agreed to transport his fellow employees to the ferry. Mr. Johnson departed from Camp J and proceeded down the only road on the penitentiary grounds that led from Camp J to the ferry; this road was a dirt and gravel road known as Camp G Road. The distance from Camp J to the ferry. was approximately four miles. As Mr. Johnson was driving his vehicle on Camp G Road in the direction of the ferry, another vehicle, being driven by Riddle, was travelling in the opposite direction on Camp G Road (returning from the ferry). Mr. Riddle lost control of his vehicle as he maneuvered a curve in the road, resulting in a collision with the Johnson vehicle. The force of the collision ejected plaintiff from the vehicle, causing plaintiff to sustain bodily injuries. This accident occurred at approximately 6:05 p.m. and at a location on Camp G Road which was approximately three miles from Camp J.
Appellant contends that the trial court erred in finding that the accident arose out of and in the course of plaintiffs employment and thus erred in granting defendant’s motion for summary judgment.
La.R.S. 23:1031 provides that compensation shall be paid by an employer for an accidental injury to an employee “arising out of and in the course of his employment.’’ La.R.S. 23:1032 provides that an employee’s entitlement to worker’s compensation shall be exclusive of all other rights and remedies of such employee.
In the present case, appellant contends that the automobile accident in which he was injured did not arise out of and in the course of his employment. He argues that he was released from his work twenty minutes prior to the accident, he was travelling home in a private vehicle, he was not being paid for his travel time and he was not “on call” for work. Plaintiff submits that these facts should place him under the general rule that injuries sustained by an employee while in transit to or from work do not arise out of and in the course of employment. Folse v. American Well Control, 536 So.2d 686 (La.App. 3d Cir.1988), writ denied, 538 So.2d 592 (1989). However, defendants argue that an exception to the general rule applies in this ease. Defendants cite Malone & Johnson, 13 Louisi *175 ana Civil Law Treatise, § 167, p. 337 (1980) which states:
... an employee is acting in the course of his employment while he is actually engaged in his employer’s work even before or after working hours. Furthermore, even if he has finished the day’s work and is preparing to leave, or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances. (Emphasis added; footnotes omitted)
Defendants contend that plaintiff remained within the ambit of protection of the worker’s compensation act while he was in the act of leaving the penitentiary grounds. Defendants assert that the Camp G Road, on which plaintiff was travelling when the accident occurred, is part of the employment premises.
In Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966), the Louisiana Supreme Court recognized that even if an employee has finished his work day and is preparing to leave or is in the act of leaving, he is entitled to a reasonable period while still on the premises, which period is regarded as within the course of the employment. In Carter, plaintiff was hired for one day as a temporary sandwich maker and waitress at a lunch counter operated by the defendant. Plaintiff finished the work day at 2:30 p.m., but remained on the store premises for twenty to thirty minutes talking to her employer. Upon leaving the store, plaintiff lost her footing on a cement step adjoining the front door and fell, sustaining serious injury. The court concluded that the accident occurred during the course of the employment.
In Serean v. Kaiser Aluminum & Chemical Corporation, 2Í11 So.2d 732 (La.App. 4th Cir.1973), the court determined that the plaintiff was within the course and scope of his employment when he fell and injured his back after stepping on a soft drink bottle in his employer’s parking lot as he alighted from his car to report to work. In reaching this conclusion, the Serean court cited the following language from Carter, 193 So.2d at 261:
“[I]t has long been well settled, not only here but in practically all states which have enacted Workmen’s Compensation statutes, that such statutes envision extension of coverage to employees from the time they reach the employer’s premises until they depart therefrom and that hours of service include a period when this might be accomplished within a reasonable interval.”
Plaintiff did not delay in his efforts to leave work on the day the accident occurred. He had arranged to get a ride with Mr. Johnson earlier that day. The facts establish that he and his co-workers left Camp J shortly after their shift ended. The primary issue presented in this case is whether the location on Camp G Road, where plaintiff was injured, is considered part of his employer’s premises. The pleadings, depositions and affidavits in the record establish that Camp G Road is one of a number of roads that traverse the grounds of the Louisiana State Penitentiary. Camp G Road is routinely used by prison employees when travelling to and from the ferry and to and from some of the prison camps. Camp G Road is a dirt and gravel road that is maintained by prison employees. The road does not connect with any state highways or parish roads. Access to the prison grounds, including Camp G Road, is controlled by a guard. The entire penitentiary is a secured area, patrolled by roving security on a twenty-four hour basis. Based on these facts, we conclude that Camp G Road was part of the premises at which plaintiff was employed. See, Gorings v. Edwards, 222 So.2d 530 (La.App. 4th Cir.1969). Thus, plaintiff was in the act of leaving the work premises when the accident occurred. Under these circumstances, the factual determination of the trial court that plaintiff was injured in an accident arising out of and in the course of his employment is not clearly wrong.
*176 For these reasons, we find the record establishes there is no genuine issue as to material fact and that defendants are entitled to judgment as a matter of law. La.C. C.P. art. 966. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Allstate Insurance Company, the uninsured motorist carrier of Craig Lachney, and William Riddle's liability insurance carrier, designated as ABC Insurance Company, were also named as defendants.