775 So.2d 1207 (2000)
Willie James CLAY, Plaintiff-Appellant,
v.
DELPHI INTERIOR & LIGHTING SYSTEMS, Defendant-Appellee.
No. 34,242-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 22, 2000.
*1209 Samuel H. Thomas, E. Roland Charles, Counsel for Appellant.
Hudson, Potts & Bernstein by Brian P. Bowes, Counsel for Appellee.
Before WILLIAMS, STEWART and DREW, JJ.
STEWART, J.
The claimant, Willie James Clay, brought this action with the Office of Workers' Compensation against the defendant, Delphi Interior & Lighting Systems, in order to recover benefits for injuries he sustained during his employment with Delphi. The workers' compensation judge (WCJ) ordered judgment in favor of the defendant, thereby finding no liability on its part. Thereafter, Mr. Clay brought this appeal. We hereby affirm the decision of the WCJ, finding in favor of the defendant.

FACTS
On July 19, 1995, Mr. Clay, while employed by the defendant, Delphi Interior & Lighting Systems, in Monroe, Louisiana, was maneuvering the arms on a robot and ruptured a disc in his neck. Mr. Clay reported his injury to a nurse at Delphi and to his supervisor, Bobby Van. Mr. Clay was referred to the company's doctor. However, following surgery, Mr. Clay still experienced pain to his right arm, right shoulder, and upper back, as well as blurry vision.
According to Mr. Clay, prior to leaving the hospital, he began experiencing a loss of vision. Over the following months, Mr. Clay's vision allegedly grew worse until he was declared legally blind by two physicians, Dr. Ronald Feldman and Dr. Peter Bringewald.
Following trial, the WCJ denied liability on the part of the defendant. Mr. Clay herein appeals.

DISCUSSION

Work-related Injury
By assignment of error, Mr. Clay contends that the WCJ erred by failing to find that his loss of vision was work-related, thereby rendering him totally disabled. According to Mr. Clay, his vision was fine prior to the accident; it was only after the neck surgery, that he underwent because of the accident, when he began losing his vision in both eyes.
In reviewing determinations of the hearing officer, the standard of review is the manifest error or clearly wrong standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Collins v. General Motors Corp., 31,782 *1210 (La.App. 2d Cir.3/31/99), 736 So.2d 947. Furthermore, each case must be decided on its own particular facts, taking into consideration the total economic relationship between the parties and the various factors weighing for or against a finding of an employment relationship. Sones v. Mutual of Omaha Ins. Co., 272 So.2d 739, 742 (La.App. 2d Cir.1972), application denied, 273 So.2d 292 (La.1973).
In a workers' compensation proceeding, the claimant bears the burden of demonstrating by a preponderance of the evidence that an employment accident resulted in disability. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Britton v. Morton Thiokol, Inc., 604 So.2d 130 (La.App. 2d Cir.1992). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir.1992). While the worker's testimony alone may be sufficient to discharge that burden, it will be inadequate where (1) other evidence discredits or casts serious doubt upon the worker's version of the incident; or (2) the worker's testimony is not corroborated by the circumstances following the alleged incident. Such corroboration, of course, may include medical evidence and the testimony of fellow workers, spouses, or friends. The key requirement is that a precipitous event directly produce sudden objective findings of an injury rather than a mere manifestation of a gradual deterioration or progressive degeneration. Jones v. AT & T, 28,059 (La.App.2d Cir.2/28/96), 669 So.2d 696.
An employee's preexisting disease or infirmity does not disqualify his workers' compensation claim if the workrelated injury either aggravated, or combined with the disease or infirmity to produce the disability for which compensation is claimed. When a claimant proves that before the accident he had not exhibited disabling symptoms, but that commencing with the accident, the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of a causal connection between the accident and the activation of the disabling condition, a claimant's work injury is presumed to have aggravated, accelerated or combined with any preexisting disease or infirmity to produce his disability. Walton v. Normandy Village Homes Association, Inc., supra; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). If the evidence is evenly balanced, or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation, then the claimant fails to carry his burden of proof. Lubom v. L.J. Earnest, Inc., supra.
In this case, the WCJ determined that Mr. Clay failed to carry his burden of proving a correlation between his neck injury and his loss of vision. Accordingly, the WCJ denied Mr. Clay's request for worker's compensation benefits as related to his vision problems. In her oral reasons for judgment, the WCJ stated:
Medical evidence revealed that the claimant experienced vision problems prior to the July 1995 accident. The March 1995 report from Glenwood Regional Medical Center shows the claimant complained of pain around his eyes and some visual disturbance at that time. Therefore, he cannot be afforded the presumption established through the jurisprudence. Furthermore, the medical evidence reveals that the probabilities of a correlation between the claimant's neck surgery and his vision loss are speculative at best. The only medical evidence which remotely connects the injury to the resulting vision problem is that of Dr. Bringewald. However, Dr. Bringewald had only a hypothetical theory which was based on an incorrect assumption that the claimant had not experienced prior problems with his eyes.
*1211 Upon review of the record, we agree with the determination made by the WCJ, who was in the best position to weigh the testimony, and find that Mr. Clay has failed to carry his burden of proving that his loss of vision was caused by a work-related accident entitling him to workers' compensation benefits. Therefore, we deny Mr. Clay's request for workers' compensation benefits. This assignment of error lacks merit.

Penalties and Attorney's Fees
By assignment of error, Mr. Clay argues that the WCJ erred by not finding that the defendant's failure to pay his medical bills and workers' compensation benefits rendered the defendant arbitrary and capricious, such that an award of attorney fees and penalty should be assessed against the defendant. We disagree.
The sole remedy for arbitrary failure to pay workers' compensation benefits is the recovery of penalties and attorney's fees. La. R.S. 23:1201.2. An assessment of penalties and attorney's fees is proper, unless the employee's rights to benefits are reasonably controverted. Schmitt v. City of New Orleans, 632 So.2d at 374. The test to determine whether the employee's right to benefits was reasonably controverted is set forth in Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990), citing Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363, 367 (La.App. 3rd Cir.1985), as follows:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.
Whether the refusal or the discontinuation of benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Pitcher v. Hydro-Kem Services, Inc. 551 So.2d 736, 740 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
In this case, we believe that Mr. Clay's right to workers' compensation benefits was reasonably controverted as shown by the conflicting medical evidence presented at trial. Based on the record, the defendant had a reasonable basis for believing that Mr. Clay's loss of vision was not caused by the July 1995 workplace accident. As such, we believe that the defendant was not arbitrary in his refusal to pay workers' compensation benefits, and the WCJ did not err in failing to award penalties and attorney's fees. This assignment of error lacks merit.

CONCLUSION
Based on the foregoing, we hereby affirm the decision made by the WCJ. Costs of this appeal are assessed to the appellant.
AFFIRMED.