PEATROSS, J.
 

 1 ,In this workers’ compensation case involving two separate claims for a shoulder injury and a back injury which were consolidated for trial, claimant, Larry Modi-cue, was awarded temporary, total disability and medical benefits for the back injury, including penalties and attorney fees. For the shoulder injury, however, Mr. Modi-cue’s claims for temporary, total disability and medical benefits, penalties and attorney fees were denied. No appeal was taken with regard to the award for the back injury claim. Mr. Modicue now appeals the denial of his claims in the shoulder injury matter and the employer and its insurer, Graphic Packaging Inc. and Liberty Mutual Ins. Co. (collectively, “Graphic”), answer the appeal. For the reasons stated herein, we affirm.
 

 FACTS
 

 Mr. Modicue has worked as an employee for Graphic since 1990. The first time Mr. Modicue recalls injuring his shoulder while working for Graphic was in 2004 when he was shelving carbon and his “arm gave out.” Mr. Modicue did not seek medical treatment for this injury. Instead, he took two ibuprofen to relieve the pain and continued to work without filing an accident report.
 

 Although he could not recall any details of the injury, Mr. Modicue testified that the second time he injured his shoulder while working for Graphic was in January 2006. Around this time, Mr. Modicue was receiving medical treatment for a sinus problem and mentioned to his physician that he was still having trouble with his shoulder. Mr. Modicue’s physician administered a cortisone shot to relieve the pain, but diagnosed phim with no specific shoulder injury, noting that he likely had a rotator cuff tear or tendinitis. He continued to work and did not file an accident report.
 

 Mr. Modicue testified that he injured his shoulder a third time while working for
 
 *970
 
 Graphic on August 7, 2006 when he was moving a barrel of ink and his shoulder “popped.” Mr. Modicue did not immediately seek medical treatment for this injury, but he did see the company nurse two days later, and was given medication and a medicinal rub for the injury. Mr. Modicue continued to work and did not file an accident report. Later that month, on August 24, 2006, Mr. Modicue was examined by a physician who scheduled an arthroscopy for September 2006.
 

 Approximately one week later on August 31, 2006, Mr. Modicue suffered yet another work-related injury when he fell off of a catwalk and injured his back. After the August 31, 2006 accident, Mr. Modicue filed a workers’ compensation claim for the back injury and also filed a separate workers’ compensation claim for the alleged accident which took place on August 7, 2006, when he injured his shoulder. Graphic denied payment of workers’ compensation and medical benefits for both claims. Mr. Modicue filed two separate suits for the shoulder injury and the back injury and the claims were consolidated for trial bearing Docket No. 07-04385 and Docket No. 07-4386, respectively.
 

 The WCJ held in favor of Mr. Modicue, awarding him temporary, total disability benefits for his back injury beginning February 21, 2007, at the maximum compensation rate of $454 per week. The WCJ further assessed $4,000 in penalties against Graphic for failing to pay Mr. Modicue | ^workers’ compensation benefits for a compensable back injury and for refusing to pay for medical treatment relating thereto. Attorney fees of $8,000 were awarded to Mr. Modicue with all costs for the back injury claim assessed against Graphic.
 

 With regard to the shoulder injury claim, however, the WCJ held in favor of Graphic, concluding that Mr. Modicue’s shoulder injury claim was not compensa-ble. The WCJ found that Mr. Modicue’s shoulder injury had long preexisted his workers’ compensation claim for the August 7, 2006 incident. The WCJ further noted that Mr. Modicue’s medical records revealed that his shoulder was consistently in poor condition between 2004 and 2006, for a duration of nearly two years prior to the August 7, 2006 incident.
 

 The WCJ observed that, even though the facts suggested that Mr. Modicue first injured his shoulder in a work-related accident, he had failed to file an accident report or workers’ compensation claim for any of the alleged shoulder injuries which took place prior to August 7, 2006; and, therefore, any valid claims for those injuries had prescribed. The WCJ concluded that, because the medical evidence revealed that the shoulder injury preexisted in the same poor condition on January 10, 2006, July 26, 2006, and August 24, 2006, she was unable to find that the August 7, 2006 accident aggravated, accelerated or combined with Mr. Modicue’s preexisting shoulder condition to produce his current disability.
 

 14As previously stated, neither party appealed the court’s ruling on the back injury claim (Docket No. 07-04386) and Mr. Modicue now appeals the court’s ruling on the shoulder injury claim (Docket No. 07-04385).
 

 DISCUSSION
 

 In a workers’ compensation case, factual findings of the WCJ are subject to the manifest error standard of appellate review.
 
 Thomas v. Casino Magic,
 
 39,725 (La.App.2d Cir.5/11/05), 902 So.2d 1283,
 
 writ denied,
 
 05-1970 (La.2/3/06), 922 So.2d 1183. In applying this standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s con-
 
 *971
 
 elusion was reasonable in light of the entire record.
 
 Stobart v. State DOTD,
 
 617 So.2d 880 (La.1998);
 
 Player v. International Paper Company,
 
 39,264 (La.App.2d Cir.1/28/05), 892 So.2d 781.
 

 An injured employee is entitled to receive benefits for an injury that arises out of and in the course of his employment. La. R.S. 23:1031. The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination.
 
 Thomas v. Casino Magic, supra.
 
 The question of disability must be determined by viewing the totality of the evidence, including both lay testimony and medical testimony.
 
 Id.
 
 Ultimately, the question of disability is a question of fact which cannot be reversed in the absence of manifest error.
 
 Id.; Severio v. J.E. Merit Constructors, Inc.,
 
 02-0359 (La.App. 1st Cir.2/14/03), 845 So.2d 465;
 
 Brown v. Churchill & Thibaut, Inc.,
 
 93-1216 (La.App. 1st Cir.5/20/94), 637 So.2d 764.
 

 IsThe claimant in a workers’ compensation case has the burden of establishing his disability and its causal relation with the work-related accident by a preponderance of the evidence.
 
 Walton v. Normandy Village Homes Association, Inc.,
 
 475 So.2d 320 (La.1985);
 
 Smith v. Morehouse General Hospital,
 
 27,117 (La. App.2d Cir.6/21/95), 658 So.2d 232;
 
 Holmes v. International Paper Co.,
 
 559 So.2d 970 (La.App. 2d Cir.1990). The burden is met when the evidence, taken as a whole, shows that it is more probable than not that the work-related accident somehow caused or contributed to the disability; but, it is not necessary that the exact cause be found.
 
 Smith v. Morehouse, supra; Brown v. Blue Grass Liquor Co.,
 
 25,552 (La.App.2d Cir.2/23/94), 632 So.2d 904.
 

 An injured worker’s disability is presumed to have resulted from an accident if, before the accident, he was in good health, but, commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards.
 
 Lewis v. Casino Magic,
 
 35,083 (La.App.2d Cir.9/28/01), 796 So.2d 761;
 
 Clay v. Delphi Interior & Lighting Systems,
 
 34,242 (La.App.2d Cir.12/22/00), 775 So.2d 1207. There must be either sufficient medical evidence to show a causal connection between the accident and the disabling condition or the nature of the accident, when combined with the other facts of the case, must raise a natural inference through human experience of such a causal connection.
 
 Id.
 

 A preexisting medical condition will not bar an employee from recovery if the employee establishes that the work-related accident ^aggravated, accelerated or combined with the condition to cause the disability for which compensation is claimed.
 
 Peveto v. WHC Contractors,
 
 93-1402 (La.1/14/94), 630 So.2d 689;
 
 Smith v. Morehouse, supra.
 
 The preexisting condition is presumed to have been aggravated by0 the accident if the employee proves: (1) the disabling symptoms did not exist before the accident, (2) commencing with the accident, the disabling symptoms appeared and manifested themselves thereafter, and (3) either medical or circumstantial evidence indicates a reasonable possibility of causal connection between the accident and the activation of the disabling condition.
 
 Peveto v. WHC Contractors, supra; Smith v. Morehouse, supra.
 

 In Mr. Modicue’s first assignment of error, he argues that, although he injured his shoulder in 2004 and again in January 2006, prior to the August 7, 2006 incident, the first shoulder injuries took place while he was working for Graphic and, therefore, should not abrogate compensability for the
 
 *972
 
 August 7, 2006 claim. Additionally, Mr. Modicue asserts that the shoulder injury on August 7, 2006 was a separate, distinguishable injury from his prior shoulder injuries. Mr. Modicue admits, however, that he did not file an accident report for the first two shoulder injuries, but points out that he did seek medical treatment for the injuries and that he mentioned all three of the injuries to eoworkers.
 

 Mr. Modicue distinguishes the August 7, 2006 shoulder injury from the other shoulder injuries on the grounds that he did not schedule the MRI or shoulder surgery until after the August 7, 2006 incident. It is Mr. Modicue’s position that, although he injured his shoulder several times |7while working for Graphic, he was not “disabled” until the August 7, 2006 injury; and, therefore, the shoulder injury reported after that date should be compensable. Mr. Modicue argues that his position is supported by the fact that he continued to work after the first two shoulder injuries because neither was severe enough to disable him, unlike the shoulder injury which took place on August 7, 2006.
 

 As the WCJ noted at trial and as Mr. Modicue’s medical records reflect, Mr. Modicue’s poor shoulder condition long preexisted the August 7, 2006 incident. Beginning in 2004 and continuing through 2006, Mr. Modicue continuously received various medical treatments for his shoulder condition including, but not limited to, pharmaceutical prescriptions, medicinal rubs, cortisone injections and AC arthros-copy. In addition, during the two years prior to the August 7, 2006 incident, Mr. Modicue underwent numerous examinations, tests and MRIs leading to diagnoses of tendinitis, rotator cuff tear and AC impingement. The severity of his shoulder condition was essentially the same each time he sought medical treatment on January 10, July 26 and August 7, 2006.
 

 Additionally, although Mr. Modicue testified that he injured his shoulder at work several times between 2004 and 2006, he conceded that he failed to file a single accident report for these injuries. Thus, any claims Mr. Modicue may have had for shoulder injuries taking place between 2004 and prior to August 7, 2006, are prescribed. Further, Mr. Modicue failed to file an accident report or workers’ compensation claim for his August 7, |⅜2006 shoulder injury until several weeks after the fact when he was filing a workers’ compensation claim for the August 31, 2006 back injury.
 

 We find no manifest error in the WCJ’s conclusion that Mr. Modicue failed to carry his burden of proof in this matter. Specifically, Mr. Modicue failed to show a definitive and distinguishable causal connection between the August 7, 2006 incident and his alleged current shoulder injury. Mr. Modicue further failed to show that the August 7, 2006 incident aggravated, accelerated or combined with his preexisting shoulder condition to cause his current shoulder disability. Mr. Modicue’s own medical records indicate that the severity of his poor shoulder condition was essentially the same for seven months pri- or to the August 7, 2006 incident. In summary, the record supports the WCJ’s conclusion that Mr. Modicue’s claims with regard to his August 7, 2006 shoulder injury are noncompensable and any shoulder injury claims regarding incidents prior to this date are prescribed. This assignment of error is without merit.
 

 In his second and third assignments of error, Mr. Modicue asserts that the WCJ erred in denying his claims for temporary, total disability and medical benefits, penalties and attorney fees. Given our discussion of Mr. Modicue’s claims in his first assignment of error, we pretermit any discussion on the issues of compensation,
 
 *973
 
 medical benefits, penalties and attorney fees.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the WCJ, Docket No. 07-04385, denying Larry Modicue’s claims for temporary, total disability | nand medical benefits, penalties and attorney fees is affirmed. Costs of appeal are assessed to Larry Modicue.
 

 AFFIRMED.