CALLOWAY, J., Pro Tempore.
12CIaimant, Carlos Harvey (“Harvey”), appeals a decision by a Workers’ Compensation Judge (“WCJ”) finding that he failed to. prove a work-related injury, and denying his claim for workers’ compensation benefits. ■ For -the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Harvey worked for Sol’s Pipe & Steel (“Sol’s”) from October,2007 to January 12, 2012, pulling steel weighing between five, and 550 pounds. ■ ¡While working at. Sol’s, Harvey allegedly injured his shoulder, and reported to LSU-E.A. Conway Memorial Hospital (“Conway”) several times for treatment. In a letter dated January 20, 2012, Dr. George Belehic, from the Orthopedic Clinic at LSU HSC Shreveport, stated that Harvey was .unable to return to work at that time.
On February 22, 2012, Harvey filed a disputed claim for workers’ compensation benefits (Form 1008), alleging that he had injured his shoulder in an on-the-job accident on, August 8, 2011. . He alleged that he reported this accident to two of his *488 supervisors, T.J. Anderson and Mark Price, and reported to Conway for treatment. He was instructed to return to the emergency room as needed, and given a November 23, 2011, appointment at the Orthopedic Clinic. Harvey returned to the hospital on September 16, 2011, November 8, 2011, and December 7, 2011. An MRI performed on November 18, 2011, showed a “partial tear of the distal supraspinatus tendon without complete rotator cuff tear or tendon retraction, a tear of the mid-to-upper anterior glenoid labrum, and a small joint effusion.”
| ¡¡On March 8, 2012, Sol’s representative, Jackie Rosenburg, filed an answer asserting that both Anderson and Price deny Harvey reported injuring his shoulder at work. Rather, Harvey informed Anderson and Price that he injured his shoulder while working on the transmission in his personal vehicle. Sol’s filed an amended and supplemental answer on May 18, 2012, denying that the August 8, 2011, accident occurred.
Harvey testified in his June 29, 2012, deposition that his shoulder never “bothered” him prior to the accident. He further testified that the accident did not occur on August 8, 2011, and that it actually happened in 2010. Baséd on Harvey’s assertion that the accident occurred in 2010, Sol’s filed an exception of prescription, on the grounds that more than two years had lapsed between the date of the accident and the filing of the claim. Sol’s also filed a motion for summary judgment, arguing that there was no genuine issue of material fact regarding the “non-occurrence” of the August 8, 2011, accident. Both matters were set for hearing on May 20, 2013.
At the hearing, Harvey stated that the date of injury was August 8, 2011. The WCJ subsequently denied Sol’s exception of prescription. Sol’s motion for summary judgment was also denied after the WCJ determined that the existence of an Augusts, 2011, hospital record raised a genuine issue of material fact.
Trial for this matter took place on February 28, 2014. Both Anderson and Price denied that Harvey reported a work-related accident. Instead, they testified that Harvey informed them that he injured his shoulder while working on a truck and that this injury “bothered” him when he worked.
|4On May 14,2015, the WCJ denied Harvey’s claim, after finding that he failed to prove that the accident occurred at his job. The WCJ also determined that Harvey failed to prove an occupational disease.
Harvey appeals, asserting two assignments of error.
LAW AND DISCUSSION
In his first assignment of error, Harvey argues that the trial court erred in finding that he did not meet his burden of proof that his disability was caused by an on-the-job injury. In his second assignment of error, Harvey argues that the trial court erred in denying his claim for workers’ compensation benefits. We will discuss these interrelated issues together.
An employee is entitled to workers’ compensation benefits if he receives personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031(A); Dow v. United Parcel Service, 48,310 (La.App.2d Cir.9/18/13), 124 So.3d 36; McLin v. Industrial Specialty Contractors, Inc., 2002-1539 (La.7/2/03), 851 So.2d 1135. An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which *489 is more than a 'gradual or progressive degeneration. La. R.S. 23:1021(1).
A workers’ compensation claimant has the burden of proving, by a preponderance of the evidence, that the disability suffered is related to an on-the-job injury. Dow, supra; Modicue v. Graphic Packaging, 44,049 (La.App.2d Cir.2/25/09), 4 So.3d 968; Taylor v. Columbian Chemicals, 32,411 (La.App.2d Cir.10/27/99), 744 So.2d 704. The causal connection between the disability and the on-the-job injury can be established when the employee proves that before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appeared. Dow, supra; Scott v. Super 1 Foods, 45,636 (La.App.2d Cir.9/29/10), 48 So.3d 1133.
A claimant’s own testimony may be sufficient to prove causation, provided (1) no other evidence discredits or casts serious doubt upon the claimant’s version of the incident, and (2) the claimant’s testimony is corroborated by circumstances surrounding the alleged incident. Bruno v. Harbert Int’l, Inc,, 593 So.2d 357 (La.1992); Dugan v. St. Francis Medical Center, 45,149 (La.App.2d Cir.4/14/10), 34 So.3d 1157. In determining whether the Bruno elements are satisfied, the commentators have articulated six pertinent factors the courts have considered: (1) late report, (2) supervisor and coworker testimony, (3) family and friends’ testimony, (4) medical evidence, (5) continuing to work, and (6) prior injuries. Dugan, supra; Sheppard v. Isle of Capri, 40,048 (La.App.2d Cir.8/17/05), 909 So.2d 699; Blair v. Wal-Mart Stores Inc., 2001-2211 (La. App. 4th Cir.5/15/02), 818 So.2d 1042, citing 13 H. Alston Johnson III, Workers’ Compensation Law & Practice (La. Civil Law Treatise) § 253 (4th ed.2002); 1 Denis Paul Juge, Louisiana Workers’ Compensation, § 8:1 (2d ed.2002).
It is a well-settled legal principle that the factual findings in workers’ compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even |fithough the appellate court may feel that its own evaluations and inferences are as reasonable. The trier of fact’s factual -determination shall not be disturbed in the absence of a showing of manifest error. When the trier of fact’s findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Therefore, the appellate standard of review applicable to the findings of a WCJ is the manifest error-clearly wrong test. Buxton v. Sunland Const., 34,995 (La.App.2d Cir.8/22/01), 793 So.2d 526; Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993).
In the instant case, when Harvey was asked in his June 29, 2012, deposition how he injured himself, he testified:
I had a big order and I was pulling it and putting — You know, it’s so many orders coming out. And when I was bend (sic) down pulling one day and I felt a sharp pain go.through my shoulder, and it just — it wouldn’t stop. So I reported it to the supervisor, and I told him, “I think I need to go to the hospital. Something is wrong with my shoulder. It won’t stop hurting. It’s — You know, I can’t pull or nothing.” And he told me to go ahead. So I went to the hospital and they did X-rays. They said that it was something tore (sic) around the rotor cuff.
Harvey further testified that he reported the incident, which he- stated occurred sometime in 2010, to his supervisors, T.J. Anderson and Mark Price. He also stated that his shoulder had never “bothered him” before August 8, 2011.
*490 However,, in Harvey’s March 9, 2010, medical record, it was noted that he complained of “occasional shoulder pain from working.” Sylvia Kay Egloff Ali, LPN, testified that her duties included taking a brief history of the patients. She further testified that some of the handwriting in the|7medical record was hers, and-that she wrote his complaint regarding his shoulder pain. Ali also read what the doctor wrote regarding Harvey’s shoulder: ■ - ■
Q: And can you read what the doctor wrote about the shoulder there?
A: “Complaint'of left shoulder pain at work; . no tenderness to palpatation; pain with abduction,” and it looks like he ordered meloxicam, fifteen milligrams daily with food.
Ali testified that she did hot see anything in the medical records- that she wrote, or what the doctor wrote, that indicated a history of a specific incident where an ón-the-job accident occurred.
The medical records state that on October 19, 2010, January 19, 2011, and February 22, 2011, Harvey reported to Conway with complaints of left shoulder pain. He then reported bilateral shoulder pain on June 7, 2011. On August 8, 2011, which is the alleged date of injury listed in the disputed claim for benefits, Harvey reported to Conway, complaining of left shoulder pain that he had been suffering from for nine to twelve months. The doctor prescribed pain medication and referred Harvey to the Orthopedic Clinic. On September 16, and November 8, 2011, Harvey reported to Conway complaining of left shoulder pain. During the November 8 visit, Harvey received injections,--and was referred to- the Orthopedic Clinic. X-rays wére also ordered. On December 7, 2011,-Harvey reported to Conway, complaining of left shoulder pain that he had been suffering from for approximately one year.
An MRI was performed on November 18, 2011, and it-showed a “partial tear of the distal supraspinatus tendon without complete rotator cuff |stear or tendon retraction, a tear of the mid-to-upper anteri- or glenoid labrum, and a small joint effusion.”
In a January 20, 2012, Dr. -George Bel-chic from the Orthopedic Clinic noted:
Mr. Harvey is a patient in the Orthopedic Clinic. He is being treated for left shoulder pain. Because of Mr. Harvey’s medical condition, he is unable to do any heavy lifting and has been referred to physical therapy for evaluation and treatment. A referral has also been sent to LSU Shreveport for this patient. Mr. Harvey is unable to return to work at this time.
Occupational therapy was ordered on January 24, 2012. On March 30, 2012, a physician’s statement noted that Harvey was diagnosed with left shoulder pain, and that he is unable to perform job duties from December 7, 2012, through “indefinite.”
Thomas Anderson, Jr., Sol’s warehouse supervisor,, testified at trial that Harvey’s duties included “pulling steel, tying it up, and loading it.” He did testify that Harvey left the warehouse multiple times with complaints of pain in his shoulder. However, he didn’t recall Harvey leaving with complaints of shoulder pain on August 8, 2011, nor did he recall him reporting an on-the-job injury. He further testified.that Harvey stated" he injured his shoulder while working at home.
Mark Rice, who is also a warehouse supervisor at Sol’s, testified that Harvey told him that he was under his personal truck “doing something” with his transmission. Harvey stated that the transmission fell and “ripped” his shoulder. Rice also recalled that Harvey left the warehouse at least ten times with complaints of shoulder pain from. pulling steel. .Rice testified *491 l9that he did not recall Harvey suffering from shoulder pain prior to the transmission incident.
Renee Samoine, Sol’s head supervisor and fleet manager, testified that “Harvey informed him that his shoulder was sore. Samoine asked him if he hurt his shoulder on the job, and Harvey responded that he had not.
, During his testimony, Harvey admitted that he experienced shoulder pain prior to August 8, 2011, , but he continued to work. However, on August 8, he noted that his shoulder pain “changed.” He denied telling anyone that he hurt his shoulder while working on a transmission.1 -
After thoroughly explaining its analysis, the WCJ found:
Due to the various undocumented injuries described by claimant, his August 8, 2011, statement that his shoulder pain had a duration of nine to twelve months, statements of various witnesses concerning a.non-work related injury and a lack of. medical evidence that his current disability is related to an on-the-job injury, claimant has not met his burden of proof and claimant’s case..must fail. Claimant’s request for workers’ compensation benefits is denied.
We agree with the WCJ’s ruling. Harvey had the burden of proving a work-related accident or injury by a preponderance of the evidence. After carefully reviewing "the record, we find that Harvey presented contradictory evidence, which led the WCJ to correctly make the factual determination that Harvey did not carry his burden.
Harvey alleges he was injured over a period of time, and that he sought treatment over 10 times. The emergency room visit documents his ongoing shoulder issues, but -none of these instances were [^documented as work-related-injuries or instances.- Anderson, Rice, and Samoine testified that Harvey complained of injuries) but again, none of these- injuries were documented as work-related -injuries. Rice-even testified that Harvey informed him that he injured his shoulder while working with the transmission on his personal vehicle. After conducting a thorough review of the record,, including the testimony presented and Harvey’s medical records, we find that he failed to present sufficient evidence proving that an accident took place at work. Therefore, we find that the WCJ was not manifestly erroneous or clearly wrong in concluding that Harvey failed to carry his burden of proof in this matter.
CONCLUSION
For the reasons set forth in this opinion, we affirm the WCJ’s judgment, dismissing Harvey’s claims for workers’ compensation benefits. Costs are assessed to the claimant, Carlos Harvey.
AFFIRMED.