| WILLIAMS, Judge.
This appeal arises from an action filed by Brenda Robinson (“Robinson”) for workers’ compensation benefits. Robinson was denied benefits by the workers’ compensation judge (“WCJ”), who determined that the injuries complained of did not occur within the course of Robinson’s employment. Robinson appeals. She now abandons her claims for workers’ compensation benefits for alleged injuries from chemical exposure; only the slip and fall claim is raised on appeal. For the following reasons, we affirm the decision of the workers’ compensation court.
FACTS
On October 11, 1999, Robinson, an x-ray technician, filed a disputed claim for compensation against her employer, Dr. Douglas Brown. Robinson complained of respi *398 ratory and cardiovascular problems which resulted from inhaling chemicals while developing x-rays in the course of her employment on or about May 4, 1999. She also complained of low back, hip, leg and shoulder injuries resulting from a fall in the parking lot her workplace on December 23, 1998. Robinson requested penalties and attorney’s fees.
Dr. Brown answered and denied that the accident in the parking lot was in the course of Robinson’s employment. Following a trial on the merits, the WCJ found, in oral reasons, that Robinson was not entitled to workers’ compensation benefits for either injury and dismissed her claims with prejudice.
Robinson’s appeal involves her request for workers’ compensation benefits for injuries that resulted from the fall in the parking lot. On the day 1 j>pf the fall, Robinson had attempted to report to work during an ice storm. There was a note posted on the office door indicating that the office would be closed for the day. After Robinson left the building, she slipped on a patch of ice and injured her back while crossing a public street to get to the parking lot where her car was parked. The next day, Robinson reported her injury to Dr. Brown’s nurse practitioner, Susan Godwin, and stated she had symptoms similar to when she had shingles. Godwin gave Robinson some medication for pain. Robinson returned to work on January 2, 1999. Robinson did not continue to complain about the pain to her co-workers. She continued her same duties until the alleged May 4,1999 chemical exposure incident, after which she was terminated. Robinson did not seek other medical treatment for her back injuries until two months after she was terminated.
The WCJ found that the fall was not within the “course and scope” of Robinson’s employment. The judge further found that the “threshold doctrine” did not apply since there was no special risk, attributable to the location of the work premises, that was different from the risk to which the general traveling public was exposed. This appeal followed.
DISCUSSION
The issue presented by this appeal is whether the WCJ erred in determining that the December 23, 1998 slip and fall in the parking lot did not occur within the course of Robinson’s employment. Robinson went to work, parked in a parking lot that was open to the public, found the office was closed due to inclement weather and left the building. She alleges that 13as she stepped from the curb of the street onto the parking lot, she slipped on an icy patch and fell.
The WCJ found that the accident did not occur within the course and scope of Robinson’s employment. The standard of review of the workers’ compensation court’s decision is the same as for a district court’s judgment. Absent a finding of manifest error of fact or law, the judgment will be upheld. Kelley v. Jack Jackson Const. Co., 32,663 (La.App. 2d Cir.12/30/99), 748 So.2d 1270, citing, Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551; Oliveaux v. Riverside Nursing Home, 29,419 (La.App. 2d Cir.04/02/97), 691 So.2d 340.
To recover workers’ compensation benefits for an accident, the accident must arise out of and occur within the course of the employee’s employment. LSA-R.S. 23:1031(A). As a general rule, an employee is not entitled to workers’ compensation benefits if he or she is injured on the way to or from work. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992). However, there are exceptions to this rule.
The first exception, the “threshold” doctrine, generally involves a special *399 risk attributable to the location of the work premises that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer’s premises than elsewhere. Mundy v. Department of Health and Human Resources, supra. Under this doctrine, an employee who meets with an accident not on his or her employment premises while traveling to and from work, can recover if |4he or she successfully proves that (1) a distinctive travel risk exists for the employee in going to or coming from work, and (2) the risk exists immediately adjacent to his or her place of work. Templet v. Intracoastal Truck Line Inc., 255 La. 193, 230 So.2d 74 (1969); Stewart v. Louisiana Plant Service Inc., 611 So.2d 682 (La.App. 4th Cir. 1992); Thomasee v. Liberty Mutual Insurance Co., 385 So.2d 1219 (La.App. 3d Cir. 1980).
The WCJ found that there was nothing unique or unusual about the area in which the accident occurred so that Robinson was exposed to dangers greater than or different from those to which the general traveling public was exposed on that day. We agree. The record reflects that the ice storm reached the Monroe area the day before this alleged fall. The parking lots were generally unoccupied and only a few employees were out in the inclement weather. The roadway and bridges were covered with ice the day before. The testimony at trial shows that this icy condition existed over most of the Monroe area and was not unique to an area in which plaintiff was required to traverse to and from her place of employment. Cf. Harris v. Sears, Roebuck & Co., 485 So.2d 965 (La.App. 5th Cir.1986).
 The second exception states that employees are still in the course of their employment for a reasonable time while still on their employer’s premises. Mundy v. Department of Health and Human Resources, supra. Robinson asserts that although she never began work on that day, she was On her employer’s premises after attempting to have gone to work. She asserts that had she actually worked that day, she would have still been on her employer’s premises for a reasonable time. Thus, she argues, to |sdisallow her to recover now is to punish her because the office was not opened.
Robinson was not on her employer’s premises at the time of the fall. She had already left the building and was on the curb of a sidewalk and public street, walking toward a parking lot that was open to the general public. Therefore, the WCJ was not clearly wrong in determining that Robinson was not within the course of her employment at the time of her fall.
CONCLUSION
For the above reasons, the judgment of the Office of Workers’ Compensation, dismissing Robinson’s claims, is affirmed. All costs are assessed to appellant, Brenda Robinson.
AFFIRMED.