# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-59


EDWARD L. WILLIAMS, SR.

VERSUS

PILGRIM'S PRIDE CORPORATION


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF NATCHITOCHES, NO. 08-21588
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**REVERSED IN PART AND AFFIRMED
AS AMENDED IN PART.**


M. Blake Monrose
Hurlburt, Monrose, Dartez & Ernest
P. O. Drawer 4407
Lafayette, LA 70502
(337) 237-0261
Counsel for Defendant/Appellant:
    Pilgrim's Pride Corporation

George A. Flournoy
Flournoy & Doggett (APLC)
P. O. Box 1270
Alexandria, LA 71309
(318) 487-9858
Counsel for Plaintiff/Appellee:
    Edward L. Williams, Sr.

**DECUIR, Judge.**

Employer appeals a judgment of the workers' compensation judge awarding claimant temporary total disability and supplemental earnings benefits, medical expenses, penalties, and attorney fees. Claimant answers the appeal seeking additional benefits and attorney fees.

## FACTS

Edward Williams was employed as a feed truck driver by Pilgrim's Pride in Natchitoches, Louisiana. On September 1, 2008, he completed his day's work, parked the company truck, and went to the employee parking lot at approximately 9:00 p.m. He then got in his private vehicle and exited the employee parking lot entering a roadway connecting to Highway 1. As he approached Highway 1, a pipe gate, propelled by Hurricane Gustav winds, swung into the roadway and entered the windshield of Williams' vehicle and struck him on the back of his right shoulder and the back of his head.

Williams was treated at Natchitoches Regional Medical Center and Willis-Knighton/Pierremont for post-concussion syndrome and a partial tear of the rotator cuff. On January 8, 2009, Dr. Michael Brunet indicated that Williams' shoulder was sufficiently healed that he could work. Williams also sought psychological treatment from Dr. James Quillin for cognitive difficulties associated with the post-concussion syndrome. Dr. Quillin released Williams to restricted work on May 28, 2009.

Williams claimed to be temporarily totally disabled from September 1, 2008 until his May 28, 2009 release by Dr. Quillin. He also claimed entitlement to supplemental earnings benefits and continued treatment by Dr. Quillin thereafter. Pilgrim's Pride contested his claims and the matter came to trial. The workers' compensation judge entered a judgment and amended judgment that found:

1. Williams sustained accidental disabling work injuries in the course and scope of his employment.

2. Williams' average weekly wage is $784.82.

3. Dr. Quillin's treatment has been and is medically reasonable and necessary and Pilgrim's Pride is responsible for it.

4. Williams is entitled to TTD from September 2, 2008 until May 28, 2009.

5. Williams is entitled to SEB's based on zero earnings from May 29, 2009 through July 17, 2009 and continuing thereafter in accord with 23:1221 (3).

6. Williams is not entitled to payment for hydrocodone expenses.

7. Pilgrim's Pride must pay medical expenses listed without fee schedule discount.

8. Pilgrim's Pride is to pay $8,000.00 in penalties, $12,000.00 in attorney fees, and all costs.

9. Pilgrim's Pride is to pay Rite Aid medication expenses of $238.98 plus legal interest.

10. Williams' claims for 23:1201 (I) sanctons are denied.

11. Pilgrim's Pride's request for medical offset is denied except for credit of $121.88 related to Pierremont Internal Medical Associates.

Pilgrim's Pride lodged this appeal and Williams answered.

## COURSE AND SCOPE OF EMPLOYMENT

Pilgrim's Pride argues that the trial court erred in concluding that Williams suffered an accident in the course and scope of his employment. Specifically, they argue that he was leaving work at the time of the alleged accident and, therefore, he is not entitled to compensation benefits.

In *Posey v. NOMAC Drilling Corp.*, 44,428, p. 3-10 (La.App. 2 Cir. 8/12/09), 16 So.3d 1211, 1214-1217, the second circuit discussed this issue at length saying:

2

An employee is entitled to compensation benefits if he receives a personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031(A); *McLin v. Industrial Specialty Contractors, Inc.*, 2002-1539 (La.7/2/03), 851 So.2d 1135. The requirement that an employee's injury occur "in the course of" employment focuses on the time and place relationship between the injury and the employment. *McLin, supra*; *Weber v. State*, 93-0062 (La. 4/11/94), 635 So.2d 188. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employers' premises or at other places where employment activities take the employee. *McLin, supra*, *Mundy v. Dept. of Health and Human Resources,* 593 So.2d 346 (La.1992). The requirement that an employee's injury "arise out of" the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. *McLin, supra*; *Williams v. Regional Transit Authority*, 546 So.2d 150 (La.1989).

A workers' compensation claimant has the burden of proving, by a preponderance of the evidence, that the disability suffered is related to an on-the-job injury. *Modicue v. Graphic Packaging*, 44,049 (La.App. 2d Cir.2/25/09), 4 So.3d 968; *Taylor v. Columbian Chemicals*, 32,411 (La.App. 2d Cir.10/27/99), 744 So.2d 704. The question of whether a claimant is entitled to compensation benefits is a question of fact, and a WCJ's determination may not be disturbed on appeal absent manifest error. *Morrison v. First Baptist Church of West Monroe*, 44,189 (La.App. 2d Cir.4/8/09), 7 So.3d 873; *Jones v. Hollywood Casino Shreveport*, 42,819 (La.App. 2d Cir. 12/5/07), 972 So.2d 1189. Only when documents or objective evidence so contradict the witness's story, or that story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it, may the appellate court find manifest error. *Taylor, supra*; *Sistler v. Liberty Mutual Ins. Co.*, 558 So.2d 1106 (La.1990).

. . . .

Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment and, therefore, are not compensable under the Workers' Compensation Act. *McLin, supra*; *Brown v. Southern Ingenuity, Inc.*, 44,082 (La.App. 2d Cir.2/25/09), 4 So.3d 974. This rule, often referred to as the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. *McLin, supra*; *Yates v. Naylor Indus. Services, Inc.*, 569 So.2d 616 (La.App. 2d Cir. 1990), *writ denied*, 572 So.2d 92 (La.1991).

However, the well-established "going-and-coming rule" is subject to the following exceptions recognized by the jurisprudence: (1) if the accident occurred on the employer's premises; (2) if the employee was deemed to be on a specific mission for the employer; (3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; (4) if the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied; (5) if the employee was injured while traveling to and from one work site to another; (6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee ("the threshold doctrine"); or (7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. *L.J. Earnest Const. v. Cox,* 30,506 (La.App. 2d Cir. 5/13/98), 714 So.2d 150; *Yates v. Naylor Indus. Services, Inc.,* 569 So.2d 616 (La.App. 2d Cir. 1990), *writ denied,* 572 So.2d 92 (La.1991). Whether an exception applies is a question of fact. *L.J. Earnest Const., supra.*

The "threshold doctrine" generally involves a special risk attributable to the location of the work premises that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere. *Mundy, supra.* Under this doctrine, an employee who meets with an accident not on his or her employment premises while traveling to and from work, can recover if he or she successfully proves that (1) a distinctive travel risk exists for the employee in going to or coming from work, and (2) the risk exists immediately adjacent to his or her place of work. *Robinson v. Brown,* 35,430 (La.App. 2d Cir. 12/19/01), 803 So.2d 396, *writ denied,* 2002-0912 (La. 3/22/02), 811 So.2d 924; *Templet v. Intracoastal Truck Line Inc.,* 255 La. 193, 230 So.2d 74 (1969).

In this case, our review of the record revealed no evidence to indicate that Williams was on a mission for Pilgrim's Pride at the time of the accident. In fact, the evidence shows that Williams had completed his shift. Williams was driving his personal vehicle at the time of the accident and was not on a mission or returning from a mission for Pilgrim's Pride at the time of the accident. However, the trial court found that the alleged accident occurred on Pilgrim's Pride's property. While

4

Pilgrim's Pride disputes this finding, our review of the record reveals no manifest error on the part of the workers' compensation judge.

Pilgrim's Pride also argues that the trial court erred in finding the accident happened as described by Williams. While we can see how Pilgrim's Pride might find the scenario implausible, we do not agree that it is impossible. Accordingly we cannot say the workers' compensation judge's determination is manifestly erroneous.

## AVERAGE WEEKLY WAGE

Pilgrim's Pride next contends that the workers' compensation judge erred in calculating Williams' average weekly wage as $784.42. Pilgrim's Pride contends the actual calculation should be $762.70. Williams answered this appeal seeking an increase of the average weekly wage to $787.89. Neither Pilgrim's Pride nor Williams point to any specific error of law made by the workers' compensation judge in reaching the average weekly wage of $784.42.

Our review of the record reveals that Williams was primarily paid by the load. However, he also received some hourly wages for overtime, safety meetings, and holidays. The hourly rate for these was sometimes determined by extrapolating from a projected number of anticipated loads and other times by some other method not clearly defined. Under these circumstances, and based on our own calculations, we find no error in the workers' compensation judge's determination that Williams' average weekly wage was $784.42. This assignment has no merit.

## WORKERS' COMPENSATION FEE SCHEDULE

Pilgrim's Pride argues that the workers' compensation judge erred in ordering it to pay Williams' medical bills without benefit of the workers' compensation fee schedule. We agree.

5

There is no statutory authorization for the workers' compensation judge's ruling, and this case is distinguishable from *Smith v. Roy O. Martin Lumber Co.,* 03-1441 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, *writ denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144. In *Smith*, the claimant was forced to pay for his own medical expenses because of the employer's refusal. Williams did not have to bear that burden in this case. Accordingly, we reverse the judgment of the workers' compensation judge insofar as it orders Pilgrim's Pride to pay Williams' medical bills "without fee schedule discount."

## MEDICAL EXPENSE OFFSET

Pilgrim's Pride alleges the workers' compensation judge erred in denying it an offset for payments made by Blue Cross as provided for in La.R.S. 23:1212. We agree.

The workers' compensation judge found that Pilgrim's Pride failed to prove any payments other than one to Piermont Internal Medical Associates for a total offset of $121.88. *See Lemons v. Georgia Pacific Corp.*, 42,950 (La.App. 2 Cir. 2/13/08), 976 So.2d 307, *writs denied*, 08-587, 08-590 (La. 5/2/08), 979 So.2d 1288, 1289; *Authement v. Wal-Mart*, 02-2434 (La.App. 1 Cir. 9/26/03), 857 So.2d 564. After reviewing the record, we find that Pilgrim's Pride paid 75% of Williams' insurance premium. Accordingly, we amend the judgment of the workers' compensation judge to grant Pilgrim's Pride the total medical offset requested which requires an additional credit of $8,853.00 (75% x $11,804.00) for payments made by Blue Cross to Willis Knighton Medical Center and the claimant.

6

**RITE-AID BILL**

Pilgrim's Pride claims the workers' compensation judge erred in finding it liable for a Rite-Aid bill in the amount of $232.98. After reviewing the evidence submitted, we find no manifest error. This assignment has no merit.

**INDEMNITY BENEFITS**

Pilgrim's Pride contends the workers' compensation judge erred in finding Williams entitled to temporary total disability benefits. In the alternative, Pilgrim's Pride argues that no TTD should be owed after January 8, 2009. At that time, Dr. Brunet indicated that Williams' shoulder injury no longer prevented him from working.

In order to prove entitlement to temporary total disability benefits or to permanent total disability benefits, a claimant must demonstrate by clear and convincing evidence that he is physically unable to engage in any employment, including working while in any pain. La.R.S. 23:1221(1)(c) and (2)(c). Disability is a question of fact. *Jones v. Universal Fabricators*, 99-1370 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, *writ denied*, 00-742 (La. 5/12/00), 762 So.2d 13.

After reviewing the record, we find no error in the workers' compensation judge's award of TTD benefits up until Dr. Quillin's May 28, 2009 release. However, beyond that point we find the evidence does not support supplemental earnings benefits. An employee is entitled to receive supplemental earnings benefits if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La.R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances

7

of the individual case. *Freeman v. Poulan/Weed Eater,* 93-1530 (La. 1/14/94), 630 So.2d 733. We find no evidence establishing that supplemental earnings benefits are due to Williams.

Accordingly, the judgment of the workers' compensation judge is reversed insofar as it orders the payment of SEB's.

## DIRECT PAYMENTS TO NON-PARTY MEDICAL PROVIDERS

In his answer, Williams alleges that there is a conflict between the circuits and within this circuit regarding whether medical expenses should be paid to the claimant or directly to the medical providers. Williams bases his argument on the cases of *Rosella v. DeDe's Wholesale Florist,* 607 So.2d 1055 (La.App. 3 Cir. 1992) and *Gentile v. Baton Rouge Gen. Med. Ctr.,* 95-0348 (La.App. 1 Cir. 11/9/95), 665 So.2d 422, arguing that a judgment cannot grant relief or determine rights of entities not party to the litigation.

We are not persuaded by this argument. The trial court judgment does not grant relief to the non-party medical providers or determine their rights. It merely orders Pilgrim's Pride to pay the designated expenses. This is consistent with recent cases in this circuit. *See Moss v. Tommasi Constr., Inc.,* 09-1419 (La. App. 3 Cir. 5/5/10), 37 So.3d 492, *writs denied*, 10-1243, 10-1306 (La. 9/17/10) 45 So.3d 1054, 1057; *Johnson v. Conagra Poultry Co.,* 09-646 (La.App. 3 Cir. 12/9/09), 26 So.3d 982, *writ denied*, 10-350 (La. 4/16/10), 31 So.3d 1067.

Finally, with regard to Williams' question regarding who gets legal interest on medical expenses, we find that the legal interest is payable to the claimant unless owed to the provider under the terms of its agreement with the claimant.

8

**PENALTIES AND ATTORNEY FEES**

Pilgrim's Pride contends the workers' compensation judge erred in awarding penalties and attorney fees. Williams answers, seeking an increase in attorney fees for work on this appeal.

Penalties and attorney fees are not due to a claimant where the employer has a bona fide dispute as to whether the employee is entitled to benefits. *Willis v. Alpha Care Home Health*, 01-638 (La. 6/15/01), 789 So.2d 567. Additionally, an employer will not be penalized for bringing a close factual or legal issue to the court for resolution. *Granger v. Nelson Logging,* 96-223 (La.App. 3 Cir. 12/4/96), 685 So.2d 400.

In this case we find the workers' compensation judge erred in awarding penalties and attorney fees. The fact that Williams' accident occurred after his work hours, outside of the Pilgrim's Pride parking lot, in his personal vehicle, gave rise to legal questions regarding whether the accident was within the course and scope of his employment. The only evidence offered that Pilgrim's Pride owned the roadway or the gate were photographs of the Pilgrim's Pride sign and gate near the accident scene. Under the circumstances, Pilgrim's Pride should not be penalized for bringing the issue to court. Accordingly, the judgment of the workers' compensation judge awarding penalties of $8,000.00 and attorney fees of $12,000.00 is reversed. Likewise, Williams' prayer for additional attorney fees on appeal is denied.

**DECREE**

For the foregoing reasons, the judgment of the workers' compensation judge is reversed insofar as it orders Pilgrim's Pride to pay medical expenses without benefit of the workers' compensation fee schedule, awards supplemental earnings

benefits, and grants penalties and attorney fees.  The judgment is amended to grant

Pilgrim's Pride the full medical offset requested and affirmed.  In all other respects

the judgment is affirmed.  All costs of these proceedings are taxed equally between

the parties.

**REVERSED IN PART AND AFFIRMED AS AMENDED IN PART.**