CONERY, J.,
concurs in part and dissents in part.
|J concur with the majority’s decision to affirm the award of temporary total disability benefits (TTDs) and medical expenses. Though I do not necessarily agree with the WCJ’s and the majority’s-decision on this issue and may have decided differently as the trier of fact, I recognize that the WCJ has vast discretion to make credibility decisions. Entitlement to TTDs and medical expenses based on the claimant’s alleged “boxing injury” while in the training academy for the City of Marksville-Police Department (Marksville Police) was hotly contested by Defendant. However, there was sufficient evidence in the record to support the WCJ’s conclusions that Mr. Strother had proven his entitlement to TTDs and medical expenses based on the manifest error rule. Nevertheless, I feel the WCJ was manifestly erroneous in the decision to award penalties and attorney fees.
Procedurally, the majority feels that this issue was not sufficiently preserved for appeal, as no separate assignment of error was filed, briefed, or argued separately on appeal. I disagree. Defendant raised and argued the issue in the trial court. It is axiomatic that no penalties and attorney fees can be awarded unless TTDs and/or medical expenses are awarded.
Indeed, the conclusion to Defendant’s brief states, “The Trial Court was 12manifestly erroneous when it awarded temporary total disability benefits to the plaintiff. That part of the Court’s Judgment should be reversed, along with the award of penalties and attorney fees for failing to pay disability benefits.” The same arguments and facts that Defendant cites with respect to Mr. Strother’s entitlement to TTDs and medical expenses apply to the issue of penalties and attorney fees. Defendant clearly asked for relief from our court on this issue.
Even assuming the majority is correct in its assessment that procedurally, the issues of penalties and attorney fees was not properly raised on appeal due to the lack of a specific assignment of error, a position with which I disagree under the facts of this case, I would nevertheless find that there is sufficient authority for us to consider these issues on appeal in the interest of justice. See Wooley v. Lucksinger, 09-571 (La.4/1/11), 61 So.3d 507; Uniform Rule — Courts of Appeal, Rule 1-3.
I recognize that the WCJ’s decision to award penalties and attorney fees was based on his assessment that after benefits were discontinued on the basis of a medical report issued on April 5, 2011, indicating return to work status by the claimant’s treating physician for the “boxing injury,” Dr. McCann, receipt of subsequent information from Dr. Drerup a year later on April 12, 2012 indicated that Mr. Strother was still suffering from low back com *1087 plaints. However, those complaints were identical to that for which Dr. Drerup was treating him based on the 2009 incident at Avoyelles Correctional. Mr. Strother did not give a history to Dr. Drerup that he re-injured his back while boxing at the Marksville Police Academy, and Dr. Drer-up’s notes simply mention a “sporting injury” without further description. Dr. Drer-up opined that Mr. Strother was in need of physical therapy and that report and medical bills were also sent to Avoyelles Correctional Rand its carrier with a demand for payment and reinstatement of benefits. As indicated, a claim for benefits and medical expenses had been filed against Avo-yelles Correctional and its carrier which was consolidated with the claim against Marksville Police and its carrier. Avo-yelles Correctional and its carrier paid Mr. Strother and settled its claim for $25,000 right before trial.
No comment was made by Dr. Drerup concerning Mr. Strother’s ability to work in the reports sent to Marksville Police and its carrier. Once it received Dr. Drer-up’s report, the WCJ felt that Marksville Police and its worker’s compensation carrier were then required to reevaluate its position and, if necessary, seek additional medical evaluations to clarify causation and work ability. Since the employer/carrier did not do so, the WCJ awarded penalties and attorney fees.
In this ease, however, the employer/ear-rier had reason to controvert both disability and causation based on the conflicting, somewhat confusing, and deficient medical reports, especially as to causation and work status. As previously indicated, on April 5, 2011, the employee had been fully released by his treating physician, Dr. McCann, after his complaints from the “boxing injury” had fully resolved. In fact, Mr. Strother told Dr. McCann at the April 5, 2011 visit that his back pain was “the same as before the accident.” Mr. Strother did not seek medical attention for his low back until eight months later on December 7, 2011, after he had done some additional construction work at a friend’s company. Mr. Strother’s counsel argued that Mr. Strother had sought permission to be re-evaluated in the interim, but had been denied. Assuming the, validity of that claim, it does not change the result, as the re-examinations conducted by Dr. McCann from December 7, 2011 through March 26, 2012 were all completely normal. Mr. Strother had no objective or subjective findings. Once again, Dr. McCann ^discharged Mr. Strother on March 26, 2012 with no work restrictions mentioned.
Mr. Strother had described his back symptoms to Dr. McCann as “it’s like pressure,” and his pain was exacerbated by the cold weather. These are the identical symptoms he described to his then treating physician, Dr. Drerup, from his previous injury at Avoyelles Correctional, prior to the “boxing injury” at the Marks-ville police training academy. Marksville Police and its workers compensation carrier had every reason to believe that Mr. Strother’s complaints to Dr. Drerup were related to the previous injury at Avoyelles Correctional.
Because of the preexisting injury and Mr. Strother’s continuing complaints of feeling “pressure” in his back that were allegedly caused by the 2009 injury at Avoyelles Correctional, and based on Dr. McCann’s complete discharge on April 5, 2011 with no further symptoms from the “boxing injury,” with follow up a year later on March 26, 2012 still showing no findings, objective or subjective and no work restrictions, I find that the Marksville Police and its carrier had sufficient factual and legal justification to reasonably con *1088 trovert this claim within the meaning of La.R.S. 23:1201.
A claim is “reasonably controverted” when the employer has some valid reason or evidence or a “bona-fide dispute” on which to base his denial of benefits. See Williams v. Pilgrim’s Pride Corp., 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, writs denied, 11-1793 (La.10/21/11), 73 So.3d 384 and 11-1794 (La.10/21/11), 73 So.3d 384. An employer should not be penalized for bringing a close factual or legal issue to the court for resolution. See Williams, 68 So.3d 616; Dietz v. Lowe’s Home Centers, Inc., 14-401 (La.App. 3 Cir. 11/5/14), 151 So.3d 990; Sinegal v. Lafayette Parish Sheriff’s Office, 13-1437 (La.App. 3 Cir. 5/7/14), 139 So.3d 630.
1 sTherefore, I would reverse the WCJ’s decision to award penalties and attorney fees under the facts of this case. I agree with the majority to assess all costs to Defendant, but do not agree to assess any attorney fees on appeal.