# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1199


**ARLINE THERIOT**

**VERSUS**

**FULL SERVICE SYSTEMS CORP.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – Dist. 03
PARISH OF CALCASIEU, NO. 13-06395
CHARLOTTE A. L. BUSHNELL, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and David Kent Savoie, Judges.


**AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED FOR WORK PERFORMED ON APPEAL.**


**GREMILION, Judge, dissents and assigns written reasons.**

**Paul J. Cox**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Arline Theriot**

**Elizabeth Lynn Finch**
**Keith E. Pittman**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 W. Esplanade Ave. North**
**Metarie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Full Service Systems Corp.**

**SAVOIE, Judge.**

In this workers' compensation case, the employer, Full Service Systems Corporation ("employer"), appeals the Workers' Compensation Judge's (WCJ's) finding that its employee's accident arose out of and in the course of her employment. For the reasons that follow, we affirm, and award Ms. Theriot an additional $3,000.00 for attorney fees incurred in connection with the defense of the appeal.

### FACTS

On December 25, 2012, Ms. Theriot was scheduled to work for her employer as a porter at the L'Auberge du Lac Casino in Lake Charles, Louisiana. Her shift began at 11:00 p.m. Ms. Theriot alleged that between 10:35 p.m. and 10:45 p.m., as she searched for a parking space in one of the casino's parking lots where casino employees and employees of casino contractors were instructed to park, she was struck by a vehicle driven by a casino employee. The collision resulted in an injury to Ms. Theriot's neck.

Ms. Theriot filed a Disputed Claim for Compensation alleging that her employer had not authorized cervical surgery recommended by Dr. Gregory Rubino. Ms. Theriot also sought penalties and attorney fees for her employer's alleged arbitrary and capricious failure to approve the neck surgery. Trial was held on July 16, 2014

At issue for trial was whether Ms. Theriot's accident arose out of and occurred in the course of her employment, and whether the recommended cervical surgery was reasonable and necessary. Prior to trial, the parties had stipulated (1) to the amounts to be awarded for penalties and attorney fees, (2) that the injuries claimed by Ms. Theriot were caused by, or aggravated by, the accident at issue, (3)

that the recommended neck surgery was related to the auto accident, and (4) that the Medical Director identified that the surgery meets the medical treatment guidelines.

Ultimately, the WCJ rendered judgment on September 11, 2014, finding "that Arline Theriot is entitled to have the neck surgery recommended by Dr. Gregory Rubino" and ordering that

1) Defendant and claimant have stipulated that the defendant owes $2,000 in penalties and $5,000 in attorney fees;

2) Claimant was in the course and scope of her employment at the time of the accident;

3) The neck surgery recommended by Dr. Gregory Rubino is reasonable and necessary; and

4) The need for neck surgery is causally related to the work place accident; . . .

The employer lodged this appeal, and Ms. Theriot has answered the appeal.

## DISCUSSION

### Arising Out of And In the Course of Employment:

The employer's sole assignment of error is that the WCJ erred in concluding that Ms. Theriot suffered an accident arising out of and in the course of her employment.

As we recognized in *Williams v. Pilgrim's Pride Corp.,* 11-59, pp. 3-4 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, 619-620; *writ denied,* 11-1793 (La. 10/21/11) (citations omitted),

> An employee is entitled to compensation benefits if he receives a personal injury by accident arising out of and in the course of his employment. The requirement that an employee's injury occur "in the course of" employment focuses on the time and place relationship between the injury and the employment. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours,

2

either on the employers' premises or at other places where employment activities take the employee. The requirement that an employee's injury "arise out of" the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment.

A workers' compensation claimant has the burden of proving, by a preponderance of the evidence, that the disability suffered is related to an on-the-job injury. The question of whether a claimant is entitled to compensation benefits is a question of fact, and a WCJ's determination may not be disturbed on appeal absent manifest error. Only when documents or objective evidence so contradict the witness's story, or that story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it, may the appellate court find manifest error.

Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment and, therefore, are not compensable under the Workers' Compensation Act. This rule, often referred to as the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work.

However, the well-established "going-and-coming rule" is subject to the following exceptions recognized by the jurisprudence: (1) if the accident occurred on the employer's premises; (2) if the employee was deemed to be on a specific mission for the employer; (3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; (4) if the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied; (5) if the employee was injured while traveling to and from one work site to another; (6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee ("the threshold doctrine"); or (7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. Whether an exception applies is a question of fact.

Moreover, provisions of the Louisiana Workers' Compensation Act are to be liberally construed in favor of the injured employee. *Pinkins v. Cardinal Wholesale Supply, Inc.,* 619 So.2d 52 (La.1993).

3

In *Williams,* 68 So.3d 616, we considered whether a workers' compensation claimant's accident arose out of and in the course of his employment. At the time of the accident, the employee had completed his shift, driven his personal vehicle out of the employee parking lot, and had entered into a roadway that approached a highway. As he approached the highway, a pipe gate propelled by hurricane winds entered the windshield of the employee's vehicle and injured him. We found there was no manifest error in the WCJ's conclusion that the accident happened on the employer's premises, and therefore affirmed the finding that the accident arose out of and in the course of employment.

Similarly, in the instant case, we find no manifest error in the WCJ's factual finding that Ms. Theriot's accident occurred on the employer's premises. In its written reasons for judgment, the WCJ made the following findings of fact:

> [O]n December 25, 2012, between the hours of 10:35 and 10:45 P.M. [,] the claimant was looking for a parking space in the parking lot of the L'Auberge Du Lac casino when a vehicle driven by a casino employee struck the claimant's vehicle causing an automobile accident. . . .
>
> [W]hile the casino does not mark parking lots as employee lots, the employees were instructed to park in the parking lot where the accident occurred. . . .
>
> [T]he claimant elected to drive her own vehicle to work. . . .
>
> [T]he parking lot where the accident occurred is the closest to the employee entrance and most employees park there. . . .
>
> [T]he claimant, Ms. Theriot, had arrived at work when the accident occurred. She was neither going nor coming from work. She was at work, and she was on the employer's premises. The parking conditions of a casino with thousands of patrons are necessarily complex and unique. . . . It is clear that in the process of parking her car in the place closest to the employee entrance where her supervisors directed her to park, she was struck by a L'Auberge employee's vehicle.

4

The testimony and evidence in the record reasonably supports the WCJ's factual findings. Therefore, we affirm the WCJ's finding that Ms. Theriot's accident arose out of and was in the course of her employment.

**Additional Attorney Fees For Defense of Appeal:**

Ms. Theriot answered the appeal seeking additional attorney fees for the defense of the appeal. Because the Appellant obtained no relief on appeal, we find an award of an additional $3,000.00 in attorney fees in connection with this appeal is appropriate.

**DECREE**

The judgment of the WCJ is affirmed. Additional attorney fees for the defense of the appeal in the amount of $3,000.00 are awarded to Plaintiff/Appellee, Arline Theriot. All costs of this appeal are taxed to Defendant/Appellant, Full Services Systems, Inc.

**AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED FOR WORK PERFORMED ON APPEAL.**

ARLINE THERIOT

VERSUS

FULL SERVICE SYSTEMS CORP.

**GREMILLION, J., dissents.**

I dissent from the majority's ruling and assign the following written reasons.

**FACTS**

On Christmas Day, 2012, Ms. Theriot was scheduled to work for the employer as a porter at the L'Auberge du Lac Casino in Lake Charles, Louisiana. Her shift began at 11:00 p.m. She arrived at the casino before her shift, as she was required to gather the essentials for her tasks before her assigned shift began. As she searched for a parking space in the casino lot, Ms. Theriot was struck by a vehicle driven by a fellow casino worker. The collision resulted in an injury to Ms. Theriot's neck, which was subsequently determined to be causally related to the accident and which requires surgery.

Ms. Theriot's employer disputed that her injury was incurred in the course and scope of her employment. Ms. Theriot filed a Disputed Claim for Compensation. Trial on the claim was held on July 16, 2014. Before trial, the parties stipulated that Ms. Theriot's injuries were caused by the accident; that the surgery was medically necessary; that the Medical Director had determined that the recommended surgery met the Medical Guidelines for compensation injury

treatment; and that the only issue for trial was whether Ms. Theriot was in the course and scope of her employment when she was injured.

"If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, [her] employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated." La.R.S. 23:1031(A). Determinations of whether an employee is in the course and scope of her employment at the time of the accident are factual findings reviewed under the manifest error standard. *Kennedy v. Martin Gas Transp. Co., Inc.*, 96-100 (La.App. 3 Cir. 8/21/96), 680 So.2d 1195, *writ denied*, 96-2838 (La. 1/24/97), 686 So.2d 860. No such deference is owed to the WCJ's conclusions of law, though.

In *Kennedy*, the employee was driving home after work when he was involved in an automobile accident. He claimed that he was entitled to workers' compensation benefits. The WCJ disagreed and denied his claim. On appeal, this court reiterated the time-honored general rule: traveling to and from work is not considered in the course and scope of an employee's work. However, the court also discussed seven jurisprudentially-recognized exceptions to the rule:

> However, there are exceptions to this general rule. In reviewing this area of our jurisprudence, the second circuit in *Yates* [*v. Naylor Indus. Servs., Inc.*]*,* 569 So.2d [616] at 619-620, observed:
>
>> [T]his rule has been subject to a number of jurisprudentially established exceptions. For example, these exceptions have arisen:
>>
>> (1) If the accident happened on the employer's premises;
>>
>> (2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;

(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;

(4) If the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied;

(5) If the employee was hurt while traveling to and from one work site to another;

(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and,

(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.

*Kennedy*, 680 So.2d at 1197. For purposes of the first exception, though, "employer's premises" means "only that area where the employees are confined during their employment hours when they are engaged in their employer's industry, labor, or trades." *Justice v. Sylvester*, 499 So.2d 590, 593 (La.App. 5 Cir. 1986), *writ denied*, 503 So.2d 491 (1987). The accident must also relate spatially and temporally to the functions or duties the employee performed while working. *Id.* Here, the WCJ apparently concluded that "premises" simply means "property owned by the employer." This interpretation represents an erroneous conclusion of law, and the majority compounds this erroneous conclusion. The *Yates* quotation is simply a shorthand list, and as such is simple dicta that should not be relied upon to shape future holdings, as was done in the *Williams* case[1] cited by the majority and in the present matter. It further does not suffice to say that the provisions of

---

[1] *Williams v. Pilgrim's Pride Corp.*, 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, *writ denied*, 11-1793, 11-1794 (La. 10/21/11), 73 So.3d 384.

3

the Workers' Compensation Act are to be liberally construed, when what the majority is actually liberally construing is dicta that merely attempted to summarize prior case law.

No evidence established that Ms. Theriot's duties were performed outside the casino premises. She described her duties as "doing custodial work, cleaning, cleaning the bathrooms and, you know, vacuuming the—the cafeterias and— I was doing all sorts of work." Therefore, the "premises" exception does not apply to Ms. Theriot's case. The WCJ manifestly erred.

In *Powell v. Gramercy Ins. Co.*, 13-928 (La.App. 5 Cir. 4/23/14), 140 So.3d 324, a convenience store employee struck a pedestrian in the convenience store parking lot. The employee had clocked in but left for a doctor's appointment and was returning when the accident took place. The employee's work duties did not involve driving. She was not being paid at the time. The fifth circuit found that the employee was not acting within the course and scope of her employment. Similarly, in *Knowles v. State Farm Mut. Auto. Ins. Co.*, 12-806 (La.App. 5 Cir. 3/27/13), 113 So.3d 417, a medical clinic employee who was not required to operate a vehicle other than to get to and from work, was not on a mission for the clinic, and had not yet reported for work was not in the course and scope of her employment when she struck a pedestrian in the clinic's parking lot.

The principle behind workers' compensation has been summarized appropriately as follows (emphasis added):

> Society slowly came to recognize that by relieving the blameless employer of liability [under tort], the law was encumbering other blameless persons or institutions with the cost of industrial accidents. This realization was accompanied by the suggestion that industry should be required in some way or another to bear at least a part of the risk *it* was creating.

4

Malone & Johnson, 13 Louisiana Civil Law Treatise: Workers' Compensation, §31 (4th Ed.).

Accordingly, the WCJ erred as a matter of law in finding that Ms. Theriot was in the course and scope of her employment. No exception to the general rule that going to and coming from work is outside the course and scope of employment was proven. That the accident occurred in the casino parking lot is irrelevant because Ms. Theriot was still outside the area in which she was confined during her employment hours and where she engaged in the labor and industry of her employer. Course and scope of employment is determined by the functions the employee is engaged in at the time an accident occurred and not whether the employee had crossed an invisible property line.