SAVOIE, Judge.
| TIn this workers’ compensation case, the employer, Full Service Systems Corporation (“employer”), appeals the Workers’ Compensation Judge’s (WCJ’s) finding that its employee’s accident arose out of and in the course of her employment. For the reasons that follow, we affirm, and award Ms. Theriot an additional $3,000.00 for attorney fees incurred in connection with the defense of the appeal.

FACTS

On December 25, 2012, Ms. Theriot was scheduled to work for her employer as a porter at the L’Auberge du Lac Casino in Lake Charles, Louisiana. Her shift began at 11:00 p.m. Ms. Theriot alleged that between 10:35 p.m. and 10:45 p.m., as she searched for a parking space in one of the casino’s parking lots where casino employees and employees of casino contractors were instructed to park, she was struck by a vehicle driven by a casino employee. The collision resulted in an injury to Ms. Theriot’s neck.
Ms. Theriot filed a Disputed Claim for Compensation alleging that her employer had not authorized cervical surgery recommended by Dr. Gregory Rubino. Ms. Theriot also sought penalties and attorney fees for her employer’s alleged arbitrary and capricious failure to approve the neck surgery. Trial was held on July 16, 2014
At issue for trial was whether Ms. Ther-iot’s accident arose out of and occurred in the course of her employment, and whether the recommended cervical surgery was reasonable and necessary. Prior to trial, the parties had stipulated (1) to the amounts to be awarded for penalties and attorney fees, (2) that the injuries claimed by Ms. Theriot were caused by, or aggravated by, the accident at issue, (3) |2that the recommended neck surgery was related to the auto accident, and (4) that the Medical Director identified that the surgery meets the medical treatment guidelines.
Ultimately, the WCJ rendered judgment on September 11, 2014, finding “that Arline Theriot is entitled to have the neck surgery recommended by Dr. Gregory Ru-bino” and ordering that
1) Defendant and claimant have stipulated that the defendant owes $2,000 in penalties and $5,000 in attorney fees;
2) Claimant was in the course and scope of her employment at the time of the accident;
*1193 3) The neck surgery recommended by Dr. Gregory Rubino is reasonable and necessary; and
4) The need for neck surgery is causally related to -the work place accident;
[[Image here]]
The employer lodged this appeal, and Ms. Theriot has answered the appeal.

DISCUSSION

Arising Out of And In the Course of Employment:

The employer’s sole assignment of error-is that the WCJ erred in concluding that Ms. Theriot suffered an accident arising out of and in the course of her employment.
As we recognized in Williams v. Pilgrim’s Pride Corp., 11-59, pp. 3-4 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, 619-620; writ denied, 11-1793 (La.10/21/11), 73 So.3d 384 (citations omitted),
An employee is entitled to compensation benefits if he receives a personal injury by accident arising out of and in the course of his employment. The requirement that an employee’s injury occur “in the course of’ employment focuses on the time and place relationship between the injury and the employment. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, |seither on the employers’ premises or at other places where employment activities take the employee. The requirement that an employee’s injury “arise out of’ the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment.
A workers’ compensation claimant has the burden of proving, by a preponderance of the evidence, that the disability suffered is related to an on-the-job injury. The question of whether a claimant is entitled to compensation benefits is a question of fact, and a WCJ’s determination may not be disturbed on appeal absent manifest error. Only when documents or objective evidence so contradict the witness’s story, or that story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it, may the appellate court find manifest error.
Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment and, therefore, are not compensable under the Workers’ Compensation Act. This rule, often referred to as the “going-and-coming rule,” is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves' his work to go home until he resumes his work.
However, the well-established “going- and-coming rule” is subject to the following exceptions recognized by the jurisprudence: (1) if the accident occurred on the employer’s premises; (2) if the employee was deemed to be on a specific mission for the employer; (3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; (4) if the employee was doing work for his employer under circumstances where the employer’s consent could be fairly implied; (5) if the employee was injured while traveling to and from one work site to anoth *1194 er; (6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (“the threshold doctrine”); or (7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. Whether an exception applies is a question of fact.
Moreover, provisions of the Louisiana Workers’ Compensation Act are to be liberally construed in favor of the injured employee, Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993).
|4In Williams, 68 So.3d 616, we considered whether a workers’ compensation claimant’s accident arose out of and in the course of his employment. At the time of the accident, the employee had completed his shift, driven his personal vehicle out of the employee parking lot, and had entered into a roadway that approached a highway. As he approached the highway, a pipe gate propelled by hurricane winds entered the windshield of the employee’s vehicle and injured him. We found there was no manifest error in the WCJ’s conclusion that the accident happened on the employer’s premises, and therefore affirmed the finding that the accident arose out of and in the course of employment.
Similarly, in the instant case, we find no manifest error in the WCJ’s factual finding that Ms. Theriot’s accident occurred on the employer’s premises. In its written reasons for judgment, the WCJ made the following findings of fact:
[O]n December 25, 2012, between the hours of 10:35 and 10:45 P.M.[,] the claimant was looking for a parking space in the parking lot of the L’Auberge Du Lac casino when a vehicle driven by a casino employee struck the claimant’s vehicle causing an automobile accident. ...
[WJhile the casino does not mark parking lots as employee lots, the employees were instructed to park in the parking lot where the accident occurred. ...
[T]he claimant elected to drive her own vehicle to work....
[T]he parking lot where the accident occurred is the closest to the employee entrance and most employees park there....
[T]he claimant, Ms. Theriot, had arrived at work when the accident occurred. She was neither going nor coming from work. She was at work, and she was on the employer’s premises. The parking conditions of a casino with thousands of patrons are necessarily complex and unique.... It is clear that in the process of parking her car in the place closest to the employee entrance where her supervisors directed her to park, she was struck by a L’Auberge employee’s vehicle.
| ¿The testimony and evidence in the record reásonably supports the WCJ’s factual findings. Therefore, we affirm the WCJ’s finding that Ms. Theriot’s accident arose out of and was in the course of her employment.

Additional Attorney Fees For Defense of Appeal:

Ms. Theriot answered the appeal seeking additional attorney fees for the defense of the appeal. Because the Appellant obtained no relief on appeal, we find an award of an additional $3,000.00 in attorney fees in connection with this appeal is appropriate.

*1195
DECREE

The judgment of the WCJ is affirmed. Additional attorney fees for the defense of the appeal in the amount of $3,000.00 are awarded to Plaintiff/Appellee, Arline Ther-iot. All costs of this appeal are taxed to Defendant/Appellant, Full Services Systems, Inc.
AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED FOR WORK PERFORMED ON APPEAL.
GREMILLION, Judge, dissents and assigns written reasons.