STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

23-125

LUCILLE JONES

VERSUS

JIMMY ROGERS AND
IBERIA PARISH SCHOOL BOARD

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 00134097, DIV. "F"
HONORABLE ANTHONY J. SALEME, JR., DISTRICT JUDGE

**********

JONATHAN W. PERRY
JUDGE

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Wilbur L. Stiles, Judges.

AFFIRMED.

**Donovan J. O'Pry, II**
**Geremy A. Garcia**
**Luke T. Habetz**
**O'Pry Law Firm**
**2014 W. Pinhook Road, Suite 507**
**Lafayette, Louisiana 70508**
**(337) 415-0007**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Lucille Jones**


**J. Wayne Landry**
**1500 Jane Street**
**New Iberia, Louisiana  70563**
**(337) 365-2341**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Jimmy Rogers, Iberia Parish School Board,**
        **and Berkley Insurance Company**

**PERRY, Judge.**

The issue in this appeal is whether Plaintiff's claim is restricted to workers' compensation or whether she can pursue a tort action for damages. The trial court granted Defendants' motion for summary judgment, sustained Defendants' peremptory exception of no cause of action, and dismissed Plaintiff's tort claims, finding Plaintiff is limited to the remedies provided by the Louisiana Workers' Compensation Act ("LWCA"). For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Plaintiff/Appellant, Lucille Jones ("Jones"), a teacher's aide at Westgate High School ("Westgate") in New Iberia, was allegedly injured in an automobile accident which occurred on May 2, 2018. The petition filed in this matter specifies the accident occurred "at approximately 2:49 p.m." as Jones was driving "in the left exit lane of the driveway of Westgate" and as Defendant, Jimmy Rogers ("Rogers"), was driving a school bus "in the right loading lane of the driveway of Westgate[.]" Rogers "attempted to move into the left exit lane in front of [Jones's] vehicle and collided with the right front of [Jones's] vehicle[.]"

Asserting that Rogers was the sole cause of the accident and her resulting injuries, Jones filed the current tort suit against him and his purported automobile liability insurer, Gulf South Risk Services. Jones subsequently amended her pleadings to name Iberia Parish School Board ("IPSB") as a defendant who provided self-insurance coverage for the damages caused by its employee, Rogers, as well as Berkley Insurance Company ("Berkley"), Rogers's actual automobile liability insurer.

IPSB, Rogers, and Berkley (hereinafter collectively referred to as "Defendants") filed a motion for summary judgment and an exception of no cause

of action, requesting dismissal of Jones's tort claims. Defendants argued there were no genuine issues of fact on the questions of the co-employment of Jones and Rogers and the collision occurring on the premises of their employer, IPSB. Defendants further argued that if summary judgment is granted, Defendants were also entitled to dismissal of Jones's lawsuit on the basis her petition failed to state a cause of action in tort against all Defendants.

The trial court granted summary judgment in favor of Defendants finding they were immune from tort liability. On August 31, 2022, a judgment was signed granting the motion for summary judgment, sustaining the exception of no cause of action, and dismissing Jones's lawsuit with prejudice. It is from this judgment that Jones appeals.

## APPELLANT'S ASSIGNMENT OF ERROR

Jones sets forth the following assignment of error in her appeal of the trial court's dismissal of her claims:

> Whether the trial court erred in granting IPSB, Berkley Insurance Company, and Jimmy Rogers' Motion for Summary Judgment and No Cause of Action as the LWCA does not apply to the case at hand as she was clearly not in the course and scope of her employment at the time of the accident.

## APPELLANT'S ARGUMENTS

Jones contends the trial court erred in finding that the accident arose out of and in the course and scope of her employment and, thus, erred in granting Defendants' motion for summary judgment. Jones argues she was not in the course and scope of her employment at the time of the accident because her work duties as a teacher's aide at Westgate had concluded earlier in the day, she had returned to her personal vehicle, and she was in the process of exiting the parking lot of Westgate when the accident occurred.

Jones further asserts that despite IPSB's argument that she was in the course and scope of her employment, IPSB has never opened a workers' compensation claim for her.

## APPELLEES' POSITION

Defendants contend the trial court did not err in granting summary judgment, finding Jones's exclusive remedy is in workers' compensation. They argue La.R.S. 23:1032 precludes Jones from pursuing a tort claim against her employer and co-employee because Jones's alleged damages were caused by the unintentional acts of her co-employee on her employer's premises.

As to Jones's criticism of IPSB for not opening a workers' compensation claim for her, Defendants allege Jones's intentional effort not to identify Rogers as a co-employee and the intentional omission of IPSB as a named defendant in her original petition indicates Jones never intended to pursue a workers' compensation claim. However, they note a workers' compensation claim was ultimately submitted by Jones in August 2022.

## LAW AND DISCUSSION

Summary judgments are reviewed by appellate courts de novo, using the same criteria considered by the trial court. *Gibson v. Shaw Global Energy Servs*., 04-547 (La.App. 3 Cir. 10/27/04), 885 So.2d 707, *writ denied*, 04-2920 (La. 2/4/05), 893 So.2d 876. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3).

"The burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the matter at issue, the mover need not "negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or

3

more elements essential to the adverse party's claim, action, or defense." *Id*. Specifically, "[t]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

The parties in this case do not dispute when, where, or how the collision between Jones and Rogers occurred. Rather, the only question before this court is whether these undisputed facts arose out of and in the course and scope of Jones's employment, thereby precluding her from pursuing a tort claim against Defendants.

Louisiana Revised Statutes 23:1031(A) provides that compensation shall be paid by an employer for an employee's "personal injury by accident arising out of and in the course of his employment[.]" Louisiana Revised Statutes 23:1032 (A)(1)(a) provides in pertinent part:

> Except for intentional acts . . . the rights and remedies herein granted to an employee . . . on account of an injury . . . for which he is entitled to compensation under [the workers' compensation law], shall be exclusive of all other rights, remedies, and claims for damages, . . . unless such rights, remedies, and damages are created by a statute. . . .

Louisiana Revised Statutes 23:1032(A)(1)(b) extends this exclusive remedy to claims against employers or fellow employees, and La.R.S. 23:1032(C) further emphasizes the significance of the exclusivity of the remedy by declaring it to be an "immunity from civil liability[.]"

In this case, Jones contends the automobile accident in which she was injured did not arise out of and in the course of her employment because her duties as a teacher's aide had ended and she was on her way home when the accident occurred. Jones argues these facts should place her under the general rule that injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment and, therefore, are not compensable under the LWCA. *Justice v. Sylvester*, 499 So.2d 590 (La.App. 5 Cir.), *writ denied*,

4

503 So.2d 491 (La.1987). "This rule, often called the 'going-and-coming rule,' is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work." *McLin v. Indus. Spec. Contractors, Inc.*, 02-1539, p. 4 (La. 7/2/03), 851 So.2d 1135, 1140.

Defendants argue this is a case of the application of La.R.S. 23:1032(A)(1)(a) immunity to IPSB (employer) and Rogers (co-employee of Jones). They contend Jones's remedy is limited to the LWCA because: Jones's alleged injuries occurred on her employer's premises and Jones alleges her injuries were caused by her co-employee, Rogers, who was, at all times material hereto, within the course and scope of his employment. We agree.

In *McLin*, 851 So.2d at 1140 n.1, the supreme court noted:

> The following have been cited in the jurisprudence as exceptions to the going-and-coming rule:
>
> (1) If the accident happened on the employer's premises;
>
> (2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;
>
> (3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
>
> (4) If the employee was doing work for his employer under the circumstances where the employer's consent could be fairly implied;
>
> (5) If the employee was hurt while traveling to and from one work site to another;
>
> (6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the "threshold doctrine"); and

(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.

*See also Williams v. Pilgrim's Pride Corp.*, 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, *writs denied*, 11-1793, 11-1794 (La. 10/21/11), 73 So.3d 384.

The facts in this case fall squarely under the first exception quoted above. In *Edigo v. Otis Elevator Co.*, 19-229 (La.App. 3 Cir. 11/6/19), 283 So.2d 592, summary judgment was granted in favor of the defendant hospital restricting the plaintiff's remedy to workers' compensation. Edigo was injured as she exited an unlevel elevator en route to her job as a food service worker. Edigo was not yet on the clock; she was scheduled to begin work at 9:00 a.m., but exited the elevator and tripped at 8:30 a.m. The court noted the elevator was used by the public and employees alike.

The *Edigo* court, relying on an analogous matter from the fourth circuit, *Bosse v. Westinghouse Electric, Inc.*, 93-1898 (La.App. 4 Cir. 5/17/94), 637 So.2d 1157, *writ denied*, 94-1623 (La. 9/30/94), 642 So.2d 878, explained:

> [Edigo] claims the Hospital must prove that she was injured while performing her duties as a nutrition service worker and that the accident arose from that work. We disagree. To allow parties recovery in workers' compensation and/or employers to assert tort immunity under such narrow circumstances ignores the reality of employment, particularly in large places like hospitals. Bosse was not performing any specific job duties when he was exiting the elevator, yet, he was in close proximity to the place where he would be. The facts here are indistinguishable from *Bosse*.

*Edigo*, 283 So.3d at 595–96.

The court in *Edigo* further noted that in *Theriot v. Full Service Systems Corp.*, 14-1199 (La.App. 3 Cir. 5/27/15), 166 So.3d 1190, *writ denied*, 15-1603 (La. 11/20/15), 181 So.3d 700, a "parking lot qualified as the 'employer's premises' for purposes of finding coverage in workers' compensation." *Edigo*, 283 So.2d at 596.

We also find *Lachney v. Riddle*, 577 So.2d 173 (La.App. 1 Cir.), *writ denied*, 578 So.2d 914 (La.1991), persuasive and worthy of mention. In *Lachney*, summary judgment was granted in favor of the defendant-employer restricting the plaintiff's remedy to workers' compensation. Lachney, a correctional officer, was injured in an automobile accident which occurred on the road leading to the Louisiana State Penitentiary at Angola, as Lachney was leaving his job twenty minutes after his shift ended. The first circuit affirmed the grant of summary judgment, finding the road was part of the premises at which Lachney was employed; thus, Lachney's injuries did arise out of and in the course of his employment even though he was traveling home at the time of the accident.

Considering the evidence and the law, we find there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law. Defendants are immune from tort liability; Jones's exclusive remedy is workers' compensation.

### DECREE

The judgment of the trial court which granted summary judgment and sustained the peremptory exception of no cause of action is affirmed. All costs of this appeal are assessed to Plaintiff/Appellant, Lucille Jones.

**AFFIRMED.**