ROBERT A. CHAISSON, Judge.
[¡Joan W. Powell appeals from a summary judgment dismissing with prejudice her suit against RaceTrac Petroleum, Inc. (“RaceTrac”) for injuries she sustained in its parking area when struck by a vehicle being driven by a RaceTrac employee. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
The basic facts are not in dispute. Akei-sha Dorsey was employed by RaceTrac at its convenience store on Almedia Road in St. Rose, Louisiana. On October 10, 2010, the day of the accident, she reported to work a little after 2:00 p.m., but left for a doctor’s appointment at 3:45 p.m., and re *326 turned to the store at about 6:00 p.m. Ms. Powell was at the store to purchase a propane tank. She had parked in the handicap zone in front of the store and was standing next to her vehicle as Ms. Dorsey drove into the parking lot. Ms. Dorsey was approaching from the opposite side from where Ms. Powell was standing, and did not see Ms. Powell until she turned into the parking space. By the time Ms. Dorsey saw |sMs. Powell standing in the parking space, she was unable to avoid striking Ms. Powell with her vehicle.
Ms. Powell filed suit against Ms. Dorsey, RaceTrac, and various insurers. She advanced several theories as to RaceTrac’s liability. The first was vicarious liability of the store owner for the negligent acts of its employee. She also asserted that the employer was liable for negligent training and supervision of the employee, and lastly, that there was a defect in the premises. On March 27, 2012, the trial judge entered summary judgment in RaceTrac’s favor on Ms. Powell’s vicarious liability claim on grounds that Ms. Dorsey was not in the course and scope of her employment at the time of the accident. Ms. Powell appealed that judgment, but the appeal was dismissed by this court on grounds that it was a non-appealable judgment pursuant to La. C.C.P. arts. 966(E) and 1915(A)(3).[1] On July 11, 2012, a second summary judgment was entered, this time dismissing the negligent training and supervision claim and the premises defect claim. As to the negligent training issue, the trial judge ruled that there was no duty on the part of the employer to train and supervise an employee as to safe driving while not engaged in employment related activities. As to the premises defect claim, the judge noted that there was no evidence to even suggest such a defect. Ms. Powell appeals both judgments.
DISCUSSION
Summary judgments are reviewed de novo; that is, the appellate courts review the record to determine if there are indeed no issues as to material facts, and whether the movant is entitled to judgment as a matter of law. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc. 06-1827 (La.5/22/07), 958 So.2d 634. La. C.C.P. art. 966(C)(2) provides that when the movant will not bear the burden |4of proof at trial, it is sufficient to show that there is an absence of factual support for one or more elements essential to the opposing party’s claim.
In regard to the vicarious liability of the employer for acts of its employees, an essential element of the claim is that the employee was acting in the course and scope of her employment. In Orgeron v. McDonald, 639 So.2d 224 (La.1994), the court discussed in detail the application of the “course and scope” concept and initially pointed out that an employer is answerable for the damage occasioned by his servant in the exercise of the functions in which the servant is employed. Id. at 226. It went on to explain that:
An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business. In determining whether the employee’s conduct is employment-rooted, the court assesses several factors, including the payment of wages by the employer, the employer’s *327 power of control, the employee’s duty to perform the particular act, the time place and purpose of the act in relation to the service of the employer, the relationship between the employee’s act and the employer’s business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act. (Citations omitted) Id. at 227.
The Orgeron court then turned to a discussion of the situation where an employee is either going to, or coming from the workplace, and stated that “[t]he going and coming rule applies nicely when the employee has a fixed place of work, so that his traveling back and forth between home and his fixed place of work is almost never in the course of employment.” Id. In Davis v. Green, 44,033 (La.App. 2 Cir. 2/25/09), 5 So.3d 291, an employee leaving work to pick up her child at day care had collided with another car in her employer’s parking lot. The court, citing Orgeron, ruled that th'e “going and coming” rule precluded recovery against the employer. The court noted the list of factors set forth in Orgeron and concluded that the employee had clocked out, was on a personal errand, and that |fithe actions had nothing to do with the employer’s business and did not benefit the employer’s business in any way. Id. at 296-97.
In the present case, it is undisputed that the employee had left work to see a doctor and was returning to her job when the accident occurred. It is also undisputed that her work duties did not involve driving to and from the work place. She was not being paid for the time she was away and the employer had no control over her actions. Ms. Dorsey’s action of leaving work for the purpose of attending a personal appointment was not in furtherance of the employer’s business interests. Likewise, her action of returning to work after attending to a personal errand, even though the purpose of her return was so that she could resume her work duties, was not an act in furtherance of the employer’s business interests. To find otherwise would run contrary to the general rule that an employee’s commute to work is not in the course and scope of employment. Considering all of these factors, it is evident that there were no facts in dispute which could lead to the imposition of vicarious liability on the part of RaceTrac. Therefore, the summary judgment in its favor as to Ms. Powell’s vicarious liability claim was proper.
Ms. Powell also urges that it was error for the trial judge to enter summary judgment on her claim of improper training and supervision, and on her claim of premises liability, because discovery was not yet complete. As noted in Johnson v. Littleton, 45,323 (La.App. 2 Cir. 5/19/10), 37 So.3d 542, a motion for summary judgment may be made at any stage of the proceedings and a trial judge does not abuse his discretion in rendering summary judgment so long as no probable injustice results. Ms. Powell argues that she should have been allowed to discover the employer’s handbook for employees to determine whether Ms. Dorsey was properly apprised of the rules and whether she violated them. However, these issues are irrelevant to the question of RaceTrae’s liability for negligent training | fibecause the trial judge had already determined that Ms. Dorsey was not in the course and scope of her employment at the time of the incident. RaceTrac has no duty to train its employees regarding acts that are outside the course and scope of their employment. Thus, there was no abuse of the trial judge’s discretion in ruling on the summary judgment motion without allow *328 ing further discovery because there was no possible injustice that might have resulted.
Although Ms. Powell mentions premises liability in brief, it was admitted at the hearing on the second summary judgment that none of the evidence or testimony of record indicated that there were any defects in the parking area of the RaceTrac store. In this circumstance, summary judgment on this issue was also appropriate.
CONCLUSION
For the foregoing reasons, the two summary judgments entered by the district court dismissing with prejudice this suit against RaceTrac Petroleum, Inc! are hereby affirmed.

AFFIRMED.

. See Powell v. Gramercy Insurance Company, 12-CA-564 (La.App. 5 Cir. 3/13/13), 113 So.3d 343.