GREMILLION, J.,
dissents.
1,1 dissent from the majority’s ruling and assign the following written reasons.

FACTS

On Christmas Day, 2012, Ms. Theriot was scheduled to work for the employer as a porter at the L’Auberge du Lac Casino in Lake Charles, Louisiana. Her shift began at 11:00 p.m. She arrived at the casino before her shift, as she was required to gather the essentials for her tasks before her assigned shift began. As she searched for a parking space in the casino lot, Ms. Theriot was struck by a vehicle driven by a fellow casino worker. The collision resulted in an injury to Ms. Theriot’s neck, which was subsequently determined to be causally related to the accident and which requires surgery.
Ms. Theriot’s employer disputed that her injury was incurred in the course and scope of her employment. Ms. Theriot filed a Disputed Claim for Compensation. Trial on the claim was held on July 16, 2014. Before trial, the parties stipulated that Ms. Theriot’s injuries were caused by the accident; that the surgery was medically necessary; that the Medical Director had determined that the recommended surgery met the Medical Guidelines for compensation injury |2treatment; and that the only issue for trial was whether Ms. Theriot was in the course and scope of her employment when she was injured.
“If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, [her] employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.” La.R.S. 23:1Ó31(A). Determinations of whether an employee is in the course and scope of her employment at the time of the accident are factual findings reviewed under the manifest error standard. Kennedy v. Martin Gas Transp. Co., Inc., 96-100 (La.App. 3 Cir. 8/21/96), 680 So.2d 1195, writ denied, 96-2838 (La.1/24/97), 686 So.2d 860. No such deference is owed to the WCJ’s conclusions of law, though.
In Kennedy, the employee was driving home after work when he was involved in an automobile accident. He claimed that he was entitled to workers’ compensation benefits. The WCJ disagreed and denied his claim. On appeal, this court reiterated the time-honored general rule: traveling to and from work is not considered in the course and scope of an employee’s work. However, the court also discussed seven jurisprudentially-reeognized exceptions to the rule:
However, there are exceptions to this general rule. In reviewing this area of our jurisprudence, the second circuit in Yates [v. Naylor Indus. Servs., Inc.], 569 So.2d [616] at 619-620 [(La.App. 2 Cir. 1990)], observed:
[T]his rule has been subject to a number of jurisprudentially established *1196 exceptions. For example, these exceptions have arisen:
(1) If the accident happened on the' employer’s premises;
(2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order;
|o(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
(4) If the employee was doing work for his employer under circumstances where the employer’s consent could be fairly implied;
(5) If the employee was hurt while traveling to and from one work site to another;
(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and,
(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.
Kennedy, 680 So.2d at 1197. For purposes of the first exception, though, “employer’s premises” means “only that area where the employees are confined during their employment hours when they are engaged in their employer’s industry, labor, or trades.” Justice v. Sylvester, 499 So.2d 590, 593 (La.App. 5 Cir.1986), writ denied, 503 So.2d 491 (1987). The accident must also relate spatially and temporally to the functions or duties the employee performed while working. Id. Here, the WCJ apparently concluded that “premises” simply means “property owned by the employer.” This interpretation represents an erroneous conclusion of law, and the majority compounds this erroneous conclusion. The Yates quotation is simply a shorthand list, and as such is simple dicta that should not be relied upon to shape future holdings, as was done in the Williams case[1] cited by the majority and in the present matter. It further does not suffice to say that the provisions of |4the Workers’ Compensation Act are to be liberally construed, when what the majority is actually liberally construing is dicta that merely attempted to summarize prior case law.
No evidence established that Ms. Theri-ot’s duties were performed outside the casino premises. She described her duties as “doing custodial work, cleaning, cleaning the bathrooms and, you know, vacuuming the — the cafeterias and — I was doing all sorts of work.” Therefore, the “premises” exception does not apply to Ms. Ther-iot’s case. The WCJ manifestly erred.
In Powell v. Gramercy Ins. Co., 13-928 (La.App. 5 Cir. 4/23/14), 140 So.3d 324, a convenience store employee struck a pedestrian in the convenience store parking lot. The employee had clocked in but left for a doctor’s appointment and was returning when the accident took place. The employee’s work duties did not involve driving. She was not being paid at the time. The fifth circuit found that the employee was not acting within the course and scope of her employment. Similarly, *1197 in Knowles v. State Farm Mut. Auto. Iris. Co., 12-806 (La.App. 5 Cir. 3/27/13), 113 So.3d 417, a medical clinic employee who was not required to operate a vehicle other than to get to and from work, was not on a mission for the clinic, and had not yet reported for work was not in the course and scope of her employment when she struck a pedestrian in the clinic’s parking lot.
The principle behind workers’ compensation has been summarized appropriately as follows (emphasis added):
Society slowly came to recognize that by relieving the blameless employer of liability [under tort], the law was encumbering other blameless persons or institutions with the cost of industrial accidents. This realization was accompanied by the suggestion that industry should be required in some way or another to bear at least a part of the risk it was creating.
IsMalone & Johnson, 13 Louisiana Civil Law Treatise: Workers’ Compensation, § 31 (4th Ed.).
Accordingly, the WCJ erred as a matter of law in finding that Ms. Theriot was in the course and scope of her employment. No exception to the general rule that going to and coming from work is outside the course and scope of employment was proven. That the accident occurred in the casino parking lot is irrelevant because Ms. Theriot was still outside the area in which she was confined during her employment hours and where she engaged in the labor and industry of her employer. Course and scope of employment is determined by the functions the employee is engaged in at the time an accident occurred and not whether the employee had crossed an invisible property line.

. Williams v. Pilgrim's Pride Corp., 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, writ denied, 11-1793 (La.10/21/11), 73 So.3d 384, 11-1794 (La.10/21/11), 73 So.3d 384.