JOHNSON, J.
| jPlaintiffyAppellant, Herbert D. Collins, appeals the judgment that dismissed his negligence claims against Defendants/Ap-pellees, Kelly General Construction Company (hereinafter referred to as “Kelly Construction”) and Cincinnati Insurance Company (hereinafter referred to as “Cincinnati Insurance”), and Fredrick Ryan Davis, from the 40th Judicial Court, Division “A”. For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
This matter arises out of a January 21, 2014 automobile accident that occurred at approximately 6:51 a.m. While operating his 2009 Honda Accord on U.S. Highway 61 in St. John the Baptist Parish, Herbert D. Collins was allegedly struck in the rear by a pickup truck driven by Fredrick Ryan Davis. Mr. Davis was operating a vehicle owned by Kelly Construction. Mr. Collins suffered personal injuries, including but not limited to a cervical spine sprain, cervi-calgia and muscle spasms resulting from the accident.
On October 6, 2014, Mr. Collins filed a “Petition for Personal Injuries and Damages” against Mr. Davis, Kelly Construction and its insurer, Cincinnati Insurance. Among the allegations in his petition, Mr. Collins alleged that Mr, Davis’s acts of fault, gross and wanton negligence, and lack of skill were the proximate cause of the accident and resulting injuries. He also alleged that Kelly Construction was Mr. Davis’s employer and was negligent by allowing its vehicle to be operated by an unskilled, careless, and untrained driver; failing to instruct Mr. Davis in the proper operation of a motor vehicle; generally failing to exercise due care under the circumstances; and such other acts and omissions as would be shown at the trial on the matter. Kelly Construction and Cincinnati Insurance jointly answered the petition, denying any fault for the accident. Mr. Davis did not 12file an answer and made no appearance in the matter.[1]
The matter proceeded to trial on January 27, 2016. At the conclusion of the presentation of Mr. Collins’s case, Defendants orally moved to dismiss the claims against them. Defendants argued that, since Mr. Davis had not been served with *976 the petition, the trial court had no personal jurisdiction over him; consequently, in the absence of a judgment against Mr. Davis, Defendants contended that no judgment could be rendered against them. Defendants further argued that Mr. Collins’s action lacked the essential element of proof that the vehicle driven by Mr. Davis was used in the course and scope of his employment. The trial court then allowed the parties opportunities to file post-trial memorandums in support of and in opposition to the motion to dismiss prior to rendering a decision.
The trial court rendered a judgment on April 7, 2016. In the judgment, the trial court dismissed the claims against Mr. Davis, finding he was never served with process and citation of the petition; thus, the trial court also found that it never had jurisdiction over him. The trial court also dismissed the claims against Kelly Construction, finding that Mr. Collins’s petition, along with the evidence produced at trial, failed to establish vicarious liability against it. The trial court found that the petition and the evidence failed to allege and establish that Mr. Davis was within the course and scope of his employment with Kelly Construction at the time of the accident. Additionally, the trial court dismissed the claims against Cincinnati Insurance, finding that dismissal of the claims against Kelly Construction required the dismissal of the claims against its insurer being sued solely as a liability insurer.
On April 20, 2016, Mr. Collins filed a “Motion for New Trial.” In the motion, Mr. Collins asserted that the judgment dismissing all of his claims was contrary to the law and evidence, and a new trial should have been granted | .^pursuant to La. C.C.P. art. 1972(1). He averred he had no opportunity to offer evidence showing that Mr. Davis was in the course and scope of his employment at the time of the tortious conduct, as Mr. Davis was unable to be served at the addresses listed in the police report and documents provided by Defendants. The motion was heard on May 26, 2016.
On June 1, 2016, the trial court denied Mr. Collins’s motion. In its denial, the trial court stated that it dismissed the claims against Mr. Davis and Defendants because of Mi'. Collins’s failure to prove the two essential elements required for attachment of liability to an employer: 1) an employer-employee relationship, and 2) proof that the tortious act was committed while the employee was in the course and scope of his employment. The instant appeal by Mr. Collins followed that judgment.
ASSIGNMENTS OF ERROR
On appeal, Mr. Collins alleges the trial court erred by 1) dismissing all claims against Kelly Construction and their liability insurance carrier, Cincinnati Insurance, and 2) denying his Motion for New Trial.
LAW AND ANALYSIS
Dismissal of Claims
Mr. Collins alleges the trial court erred in dismissing his claims against Kelly Construction and Cincinnati Insurance based upon its decision that it lacked personal jurisdiction over Mr. Davis. He argues that the trial court’s lack of personal jurisdiction over Mr. Davis is inconsequential because he had the right to pursue remedies against Defendants through vicaiious liability, as well as the direct action statute. Mr. Collins further argues that his claim for vicarious liability and the evidence presented at trial were sufficient for a judgment to be rendered against Defendants. He avers that vicarious liability was implicit by the fact that the petition specifically alleges that Kelly Construction allowed its employee, Mr. |4Pavis, to use its vehicle, *977 and Kelly Construction should have properly trained Mr. Davis or limited the scope of his use of the vehicle, thereby breaching its duty of care. Moreover, Mr. Collins avers that he proved by a preponderance of the evidence at trial that Kelly Construction was negligent through his presentation of the police report that clearly showed that Mr. Davis was operating the vehicle during typical business hours, specifically 6:51 a.m.
Defendants maintain that the trial court properly dismissed Mr. Collins’s claims because he failed to state in his petition that Mr. Davis was in the course and scope of his employment with Kelly Construction at the time of the accident or that Kelly Construction was vicariously liable for any damage which may have been sustained by him. They aver that there are no facts alleged in the petition which, if true, would support a finding of respondeat superior against Kelly Construction. Defendants further maintain that no evidence regarding actions or failure to act by Kelly Construction was introduced at trial. They argue that the act of driving an employer’s vehicle and the time of accident on the police report are insufficient to establish the course and scope of Mr. Davis’s employment.
First, we note that, despite Mr. Collins’s assertion, the trial court did not dismiss the claims against Kelly Construction and Cincinnati Insurance because it lacked personal jurisdiction over Mr. Davis. The judgment rendered in this case specifically dismissed the claims against Kelly Construction on the basis that Mr. Collins failed to establish vicarious liability. The judgment then dismissed Cincinnati Insurance because the claims against its insured, Kelly Construction, had been dismissed. Therefore, we will forego discussing Mr. Collins’s personal jurisdiction assertion raised in his brief and focus on his vicarious liability and direct action statute arguments.
Pursuant to La. C.C. art. 2320, “Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the | ¡¡functions in what they are employed.” In regard to the vicarious liability of the employer for acts of its employees, an essential element of the claim is that the employee was acting in the course and scope of his employment. Powell v. Gramercy Inc. Co., 13-928 (La.App. 5 Cir. 4/23/14); 140 So.3d 324, 326. An employer is responsible for the negligent acts of its employees when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business. Id., citing Orgeron v. McDonald, 639 So.2d 224 (La. 1994).
In the present case, Mr. Collins alleged that Mr. Davis was an employee of Kelly Construction. At trial, it was undisputed that Mr. Davis was operating Kelly Construction’s vehicle at the time of the accident through the presentation of testimony and the crash report for the accident. However, as argued by Defendants, Mr. Collins failed to prove that Mr. Davis was within the course and scope of his employment at the time of accident. Despite Mr. Collins’s contentions, presentation of the facts that Mr. Davis was operating a vehicle owned by Kelly Construction and that the accident occurred at 6:51 a.m. do not prove by a preponderance of the evidence that Mr. Davis was acting in the course and scope of his employment." No other evidence was introduced regarding Mr. Davis’s employment with Kelly Construction. Consequently, Mr. Collins failed to prove that Kelly Construction was vicariously liable for the accident involving Mr. Davis. As mentioned by the trial court, because Kelly Construction could not be *978 held vicariously liable based upon the evidence, Cincinnati Insurance could not be cast in judgment in favor of Mr. Collins as Kelly Construction’s insurer. Therefore, we find that the trial court properly dismissed Mr. Coliins’s actions against Defendants under the theory of vicarious liability-
In regard to Mr. Collins’s claim that his case could have proceeded against Cincinnati Insurance under the direct action statute, La. R.S. 22:1269, we find that | (Shis argument is misplaced. None of the requirements listed under La. R.S. 22:1269(B)(1) that would give Mr. Collins a right to a direct action against an insurer apply to the circumstances in this matter.
Accordingly, based upon the evidence presented, we do not find the trial court erred, in dismissing Mr. Collins’s claims against Defendants in this matter.
Denial of Motion for New Trial
Mr. Collins alleges the trial court erred in denying his motion for new trial. He argues the trial court should have exercised its discretion to grant the motion because justice warranted a new trial. He contends that the trial court’s denial of his motion promoted injustice because he was not allowed to present evidence proving that Mr. Davis was in the scope of his employment at the time of the accident. Mr. Collins further argues that Mr. Davis’s testimony is vital to resolve his claims and would provide evidence that was previously unobtainable due to the fact that inaccurate addresses for Mr. Davis were provided to him. Mr. Collins avers that he presented a good ground for a new trial, and his case should not be dismissed due to the possibility that Mr. Davis is avoiding service.
Defendants maintain that the trial court properly denied Mr. Collins’s motion for new trial because no valid ground for a new trial was raised by Mr. Collins. Defendants note that the initial return for Mr. Davis’s service on October 6, -2014 indicated that he was not at the address provided;- however, Mr. Collins failed to attempt to servé Mr. Davis again until the day of the trial, January 27, 2016, and that service did not include Mr. Davis’s correct and fall name. Defendants argue that it is more significant that Mr. Collins failed to establish the course and scope of Mr. Davis’s employment through other means, e.g., interrogatories, admissions or requests for production from Kelly Construction referencing Mr. Davis’s employment. Defendants argue that a motion for new trial is not intended to allow additional discovery but is rather meant to remedy errors in [7the initial trial, which none occurred. As a result, Defendants contend the motion for new trial was properly denied.
The appellate standard of review of the ruling on a motion for new trial is whether the trial court abused its discretion. Marciante v. Marciante, 12-569 (La. App. 5 Cir. 3/27/13); 113 So.3d 387, 390, citing Woodlands Dev., L.L.C. v. Regions Bank, 11-263 (La.App. 5 Cir. 12/28/11); 83 So.3d 147, 153. A new trial shall be granted, upon contradictory motion, where 1) the verdict or judgment is contrary to the law and evidence; 2) important evidence is obtained after trial; or 3) the jury was either bribed or behaved improperly. Joseph v. Broussard Rice Mill, Inc., 00-0628 (La. 10/30/00); 772 So.2d 94, 104, rehearing denied, (La. 1/5/01). Moreover, pursuant to La. C.C.P. art. 1973, a new trial may be granted if there is good ground therefore except as otherwise provided by law. Id.
Here, the trial court denied Mr. Collins’s motion for new trial on the same basis that it dismissed his claims; specifically, Mr. Collins failed to prove the course and *979 scope of Mr. Davis’s employment with Kelly Construction at the time of the accident. As previously discussed, the judgment rendered by the trial court that dismissed Mr. Collins’s claims was not contrary to the law and evidence presented. Although Mr. Collins argues that a new trial would give him the opportunity to locate Mr. Davis and/or present evidence of Mr. Davis’s course and scope of employment on the day of the accident, Mr. Collins had the opportunity to do those things prior to and during the trial. Ultimately, he simply failed to prove his case by a preponderance of the evidence.
Therefore, we do not find the trial court abused its discretion in denying the motion for new trial.
DECREE
For the foregoing reasons, we affirm the trial court’s judgment in favor of Fredrick Ryan Davis, Kelly General Construction Company and Cincinnati | «Insurance Company that dismissed Herbert D. Collins’s claims against them. Mr. Collins is to bear the costs of this appeal.
AFFIRMED

. At trial, it was established that Mr. Davis was not served with the petition.